# SPOKANE AND INLAND EMPIRE RAILROAD COMPANY *v.* .WHITLEY.

## ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 206. Argued March 18, 1915.—Decided May 17, 1915.

Decedent, who met his death in Idaho from the wrongful act of defendant railroad company left a wife and mother who under the laws of Idaho were his sole and equal heirs. The wife qualified as administratrix in Tennessee, and, having obtained power from the probate court of that State, to settle with defendant, sued as administratrix in Washington and recovered, without contest, a judgment which was paid. The mother applied in the Tennessee probate court for one-half of the recovery but the demand was contested by the wife successfully. The mother had already sued in Idaho and defendant set up the judgment in Washington but the Idaho state court held that the mother's right was not barred as the administratrix did not represent her in the Washington suit. *Held* that

While the right given by the law of one State may be enforceable in another State, if the law is not opposed to its policy, when so enforced, as the liability springs from the law of the enacting State, it is governed thereby.

When suit is brought in another jurisdiction, such provisions of the law of the place of the wrongful act as are merely procedural may be treated as non-essential, but the obligation itself has its source in that law; and if it is an action for damages for wrongful death that law must be looked to, to determine not only what the obligation is, but to whom it runs and the persons for whose benefit recovery may be had.

The statute of Idaho giving a remedy for the wrongful death, as construed by the highest court of the State, is similar to Lord Campbell's Act in that the recovery is not for the benefit of the estate of the decedent but for the benefit of his heirs as established by the law of the State.

The attempt of the mother to obtain a part of the proceeds of the Washington judgment did not, as her right to do so was successfully denied, amount to a ratification.

The Idaho court was not bound to regard the Washington judgment as having been prosecuted by or on behalf of the mother and in so doing did not fail to give to such judgment full faith and credit under the Constitution of the United States.

23 Idaho, 642, affirmed.

THE facts, which involve the right of enforcement in one State of a liability created under the statute of another State and the extent to which a judgment recovered by an administratrix may affect a claim by an heir of the intestate, are stated in the opinion.

*Mr. W. G. Graves*, with whom *Mr. B. B. Adams*, *Mr. F. H. Graves* and *Mr. B. H. Kizer* were on the brief, for plaintiff in error:

Under a statute like that of Idaho, where the right to recover damages for death by wrongful act is given to the "heirs or personal representatives" of the decedent, there is but one right of action and there can be but one recovery. Either of the designated classes may sue in the first instance, there being no prior right of suit in either, and a recovery by 'one is a bar to a second suit by the other. *Hartigan* v. *So. Pac.*, 24 Pac. Rep. 851; *Daubert* v. *Meat Co.*, 73 Pac. Rep. 244; *Salmon* v. *Rathjens*, 92 Pac. Rep. 733; *Alder Co.* v. *Fleming*, 159 Fed. Rep. 593; *McBride* v. *Berman*, 79 Arkansas, 62; *St. Louis &c. Co.* v. *Needham*, 52 Fed. Rep. 371; *Whelan* v. *Railway Co.*, 111 Fed. Rep. 326; *Hawkins* v. *Barber Pav. Co.*, 202 Fed. Rep. 340; *Beard* v. *Skeldon*, 113 Illinois, 584; *'Louisville &c. Co.* v. *Sanders*, 86 Kentucky, 259; *Willis &c. Co.* v. *Grizzell*, 100 Ill. App. 480; *Peers* v. *Water Co.*, 119 Fed. Rep. 400; *Con. Coal Co.* v. *Dambrowski*, 106 Ill. App. 641; *Louisville &c. Co.* v. *McElwain*, 98 Kentucky, 700; *Di Paolo* v. *Lumber Co.*, 178 Fed. Rep. 877; *Roberts* v. *Railway Co.*, 124 Fed. Rep. 471; *Keele* v. *Railway Co.*, 131 S. W. Rep. 730; *Foster* v. *Hicks*, 46 So. Rep. 533; *Tenn. Cent. R. R.* v. *Brown*, 143 S. W. Rep. 1129; *In re Taylor*, 204 N. Y.

135; *Kling* v. *Torello,* 87 Connecticut, 301; *Marquezo* v. *Koch,* 161 S. W. Rep. 648; *Shawnee &c. Co.* v. *Motesenbacker,* 138 Pac. Rep. 790; *Riggs* v. *Nor. Pac. Railway Co.,* 60 Washington, 292; *Benson* v. *Lumber Co.,* 71 Washington, 616.

A right of action conferred by a state statute to recover damages for death by wrongful act is transitory, and may be maintained in another State whose laws give a similar remedy under a similar state of facts. *Dennick* v. *Railroad Co.,* 103 U. S. 11; *Tex. & Pac. Ry.* v. *Cox,* 145 U. S. 593; *Stewart* v. *Railroad Co.,* 168 U. S. 443.

The right of action is enforced in another State upon the theory that when a person recovers in one jurisdiction for a tort committed in another he does so on the ground of an obligation incurred at the place of tort that accompanies the person of the defendant elsewhere. *West. Un. Tel. Co.* v. *Brown,* 234 U. S. 542. Therefore the right to recover and its incidents are governed by the *lex loci* and not by the *lex fori. Cuba R. R.* v. *Crosby,* 222 U. S. 473; *Nor. Pac. R. R.* v. *Babcock,* 154 U. S. 190; *Stewart* v. *Railroad Co.,* 168 U. S. 445; *Reynolds* v. *Day,* 140 Pac. Rep. 681.

The rule extends to all substantial incidents of the action, so that distribution of the amount recovered should be made in accordance with the laws of the State where the cause of action arose. *Dennick* v. *Railroad Co.,* 103 U. S. 11; *Leenan* v. *Railroad Co.,* 128 Fed. Rep. 191; *Denver & R. G. Co.* v. *Warring,* 86 Pac. Rep. 305; *Hartley* v. *Hartley,* 81 Pac. Rep. 505; *McDonald* v. *McDonald,* 28 S. W. Rep. 482; *Texas &c. Co.* v. *Miller,* 128 S. W. Rep. 1165; *Bolinger* v. *Beacham,* 106 Pac. Rep. 1094; *Cowen* v. *Ray,* 108 Fed. Rep. 320; *Florida &c. Co.* v. *Sullivan,* 120 Fed. Rep. 799.

The administratrix, though appointed under the laws of Tennessee, was authorized to recover from defendant

in Washington upon the right of action given by the statute of Idaho for the following reasons:—

Because the statute conferring it does not require that it be enforced in the Idaho courts, or by a personal representative appointed by the Idaho courts. It may therefore be enforced in the courts of another State, and by a representative appointed by the courts of another State. *Dennick* v. *Railroad Co.*, 103 U. S. 11; *Hodges* v. *Kimball*, 91 Fed. Rep. 845; *Mo. Pac. R. R.* v. *Lewis*, 40 N. W. Rep. 401; *Higgins* v. *Railroad Co.*, 29 N. E. Rep. 534; *Chandler* v. *Railroad Co.*, 35 N. E. Rep. 89; *Ill. Cent. R. R.* v. *Crudup*, 63 Mississippi, 291; *Leonard* v. *Nav. Co.*, 84 N. Y. 48.

Because a personal representative who sues upon a right of action given by the Idaho statute does so as trustee for the heirs, is at least a *quasi* trustee, and the rule that a receiver or an administrator appointed by the courts of one State will not be permitted to sue in the courts of another State, does not apply to a *quasi* assignee or *quasi* trustee. *Bernheimer* v. *Converse*, 206 U. S. 516; *Converse* v. *Hamilton*, 224 U. S. 243; *Kansas Co.* v. *Cutter*, 16 Kansas, 568; *Jeffersonville Co.* v. *Hendrix*, 41 Indiana, 48; *Memphis &c. Co.* v. *Pikey*, 40 N. E. Rep. 527; *Wabash &c. Co.* v. *Shacklet*, 105 Illinois, 364; *Bouldin* v. *Railroad Co.*, 54 Atl. Rep. 906; *Robertson* v. *Railroad Co.*, 99 N. W. Rep. 433; *St. Louis &c. Co.* v. *Graham*, 102 S. W. Rep. 700; *Kelly* v. *Railroad Co.*, 125 S. W. Rep. 818; *Voris* v. *Railroad Co.*, 157 S. W. Rep. 835; *Knight* v. *Moline &c. Co.*, 140 N. W. Rep. 839.

Because the Superior Court of the State of Washington for Spokane County held that the Tennessee administratrix might sue and recover in the courts of Washington upon the right of action given by the statutes of Idaho. While that court is not the highest court of the State, nevertheless its decision as to what is the law of the State must be accepted by this court as conclusive in the ab-

sence of a controlling statute or decision of a higher court. *Laing* v. *Rigney,* 160 U. S. 531, 542; *Fish* v. *Smith,* 47 Atl. Rep. 711.

There is no statute or decision of a higher court to the contrary.

Though the personal representative sues for the benefit of, and as trustee for, the heirs of the decedent, they are not entitled to be made parties to the action, or in any way control it. He is their representative for all the purposes of the action. *Yelton* v. *Railroad Co.,* 33 N. E. Rep. 629; *Pittsburg &c. Co.* v. *Moore,* 53 N. E. Rep. 290; *Cleveland &c. Co.* v. *Osgood,* 73 N. E. Rep. 285; *Major* v. *Railroad Co.,* 88 N. W. Rep. 815; *Harshman* v. *Railroad Co.,* 103 N. W. Rep. 412; *Louisville* v. *Hart,* 136 S. W. Rep. 212; *Slusher* v. *Weller,* 151 S. W. Rep. 684; *Harbin Co.* v. *McFarland,* 160 S. W. Rep. 798.

It follows that he may in good faith compromise the claim without the consent of the beneficiaries. *Foot* v. *Railroad Co.,* 84 N. W. Rep. 342; *Washington* v. *Louisville &c. Co.,* 26 N. E. Rep. 653.

The widow possesses the same right where she is authorized to sue in behalf of herself and children. *Shambach* v. *Electric Co.,* 81 Atl. Rep. 802; *Hamilton* v. *Railroad Co.,* 154 S. W. Rep. 86.

Where several judgments founded upon the same cause of action are recovered against the same defendant in several different States, a payment of one of them is a satisfaction of all. 2 Black on Judgments (2d ed.), § 1013; 23 Cyc., p. 1493; 17 Am. & Eng. Enc. (2d ed.), p. 863.

For a statement of the rule in actions to recover damages for death by wrongful act, see *Nelson* v. *Railroad Co.* 14 S. E. Rep. 838; *Harris* v. *Balk,* 198 U. S. 215, 226.

*Mr. John P. Gray,* with whom *Mr. Robert Elder* was on the brief, for defendant in error.

Mr. Justice Hughes delivered the opinion of the court.

Mary Elizabeth Whitley, the defendant in error, recovered judgment in the District Court for the County of Kootenai. Idaho, for the sum of $5,500 as damages for the death of her son, A. P. Whitley, alleged to have been caused by the negligence of the Railroad Company, the plaintiff in error. The Supreme Court of the State affirmed the judgment (23 Idaho, 642), and this writ of error is prosecuted. It is assigned as error that the court failed to give due faith and credit, as required by the Federal Constitution, to a judgment recovered in the State of Washington by Josephine Whitley, as administratrix of the estate of the deceased A. P. Whitley, for the same cause of action.

The facts, upon which the question arises, are these: The Railroad Company operates an electric railway between the City of Spokane, in the State of Washington, and Cœur d'Alene, in the State of Idaho. On July 31, 1909, A. P. Whitley, a passenger, was killed in a collision at or near La Cross or Gibbs station, Idaho; and the court found that his death was caused by the defendant's negligence. The law of the State of Idaho provided: "When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death." (Rev. Codes, § 4100.) The deceased at the time of his death was a resident of Shelby County, Tennessee. He was survived by his wife, Josephine Whitley, and his mother, Mary Elizabeth Whitley, the defendant in error. Under the Idaho law, they were his sole heirs. In September, 1909, the Railroad Company entered into an agreement with Josephine Whitley, promising to pay to her the sum of $11,000 on account of the death of her husband, of which $1,500 was paid at once and the remainder was to be paid

upon her appointment as administratrix in Tennessee. Thereupon, in October, 1909, Josephine Whitley obtained from the Probate Court of Shelby County, Tennessee, letters of administration upon her husband's estate and by that court was authorized to settle with the Railroad Company for the sum above stated. Shortly after—on October 25, 1909—the mother of the deceased brought the present action against the Railroad Company in the State of Idaho. Josephine Whitley, having refused to join as a party plaintiff, was made a defendant. She was not within the jurisdiction of the Idaho court and did not appear; under order of that court, a copy of the summons and complaint was served upon her without the State.

In view of the commencement of this suit, the Railroad Company refused to carry out the agreement with Josephine Whitley and she as administratrix (in November, 1909) brought an action against the company in the Superior Court of the State of Washington to recover the sum of $9,500 alleged still to be due. In her complaint she set forth her appointment as administratrix, the negligence of the defendant causing the death of the intestate, the statute of Idaho, the settlement for $11,000 authorized by the Probate Court of Tennessee, and the partial payment. It was not alleged that the mother, Mary Elizabeth Whitley, was an heir under the laws of Idaho, where the cause of action arose, or that any recovery was sought on her behalf. The Railroad Company in its answer denied the wrongful act and set forth as an affirmative defense that the mother had sued in Idaho, was one of the heirs, and was entitled to maintain her action; and that, if the plaintiff succeeded, the defendant would be exposed to a double recovery. The administratrix replied, alleging that she had full authority under the laws of Idaho to agree to a settlement of the claim and that the settlement would be a bar to a recovery in the Idaho action. Mary Elizabeth Whitley

was not a party to the Washington suit and no attempt was made to bring her in. It was swiftly determined, without contest. Service of the answer was acknowledged on November 16, 1909, and the reply was served on November 17, 1909. The cause was brought to trial on November 18, 1909; the pleadings were filed shortly after 9 o'clock on the morning of that day; at 9:45 o'clock findings were filed (with a conclusion of law overruling the defense of the Railroad Company), and at 10 o'clock on the same morning judgment was entered in favor of the plaintiff for the sum of $9,500.

The Railroad Company at once paid to Josephine Whitley the amount of the judgment and she removed this amount to the State of Tennessee. In the early part of the year 1910, the mother presented her petition to the Probate Court of Shelby County, Tennessee, alleging that the administratrix had recovered by compromise the sum of $11,000, and that the petitioner, as an heir under the Idaho law, was entitled to one-half. The demand was contested and the petition was dismissed. On appeal to the Supreme Court of Tennessee, the judgment was affirmed; it was held that the fund recovered by the administratrix was 'to be distributed in accordance with the laws of the State of Tennessee, and not the laws of the State of Idaho,' and that the mother had no interest in the proceeds of the recovery.

After these proceedings, the Railroad Company amended its answer in the present suit in Idaho, and pleaded in bar the Washington and Tennessee judgments. These defenses the Idaho court overruled and, as we have said, the mother recovered judgment for $5,500.

In determining the question now presented, it is apparent that the fundamental consideration is that the right to recover damages for the killing of the decedent was created by the Idaho statute. That right could be enforced in another State, if the enforcement was not

opposed to its policy (*Dennick* v. *Railroad Company*, 103 U. S. 11; *Texas & Pacific Rwy.* v. *Cox*, 145 U. S. 593), but, wherever enforced, the liability sprang from the Idaho law and was governed by it. Where suit is brought in another jurisdiction, it has been held that such provisions of the law of the place of the wrongful act as can be deemed to be merely procedural may be treated as non-essential (*Stewart* v. *Baltimore & Ohio R. R.*, 168 U. S. 445; *Atchison, Topeka & Santa Fe Rwy.* v. *Sowers*, 213 U. S. 55; *Tennessee Coal, Iron & R. R. Co.* v. *George*, 233 U. S. 354), but it is clear that the obligation itself has its source in that law. We must look to the Idaho statute to determine what the obligation is, to whom it runs, and the persons by whom or for whose benefit recovery may be had. *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120, 126, 127; *Western Union Telegraph Company* v. *Brown*, 234 U. S. 542, 547.

The construction of that statute by the Supreme Court of Idaho, with respect to the nature of the right of action created, is in accord with the accepted view of statutes similar to Lord Campbell's Act. The recovery authorized is not for the benefit of the 'estate' of the decedent; the proceeds of the recovery are not assets of the estate. Where the personal representative is entitled to sue, it is only as trustee for described persons,—the 'heirs' of the decedent. The action, says the Supreme Court of Idaho, is allowed upon the theory that the wrongful killing of the ancestor 'works a personal injury to his heirs.' They are the sole beneficiaries. The 'heirs' are those who under the laws of Idaho take in cases of intestacy; here, it is conceded that these heirs were the widow and mother of the deceased, taking equally. 23 Idaho, pp. 659, 662. It may also be premised that when suit is duly brought by the trustee under such a statutory trust, it is a necessary and conclusive presumption that the trust will be executed and that the rights of the bene-

ficiaries as fixed by the statute which created the obligation will be recognized by all courts before whom the question of distribution may come. *Dennick* v. *Railroad Company,* 103 U. S. 11, 20. It follows necessarily that if Josephine Whitley as administratrix was authorized to sue on behalf of the mother, and she recovered as trustee by virtue of that authority, the Washington judgment constituted an adjudication of the mother's right and as such would be entitled to full faith and credit in other States, including Idaho; in that case, the fact that the Tennessee court subsequently denied the right of the mother to her share as one of the beneficiaries would present simply the case of an erroneous determination which could not operate to destroy the estoppel of the judgment. Judicial error on a trustee's accounting does not disturb the rights which have become fixed in suits prosecuted by the trustee against third persons.

The question, then, is one of jurisdiction, that is, whether the mother—Mary Elizabeth Whitley—was represented by the administratrix in the Washington suit. The mother was not a party to that suit, and if she was not represented by the administratrix, the Washington court was without jurisdiction as to her, and the Idaho court was not bound to treat the judgment as a bar to her recovery in the present suit. *Thompson* v. *Whitman,* 18 Wall. 457, 463, 469; *National Exchange Bank* v. *Wiley,* 195 U. S. 257, 270; *Haddock* v. *Haddock,* 201 U. S. 562, 573; *Fauntleroy* v. *Lum,* 210 U. S. 230, 237. The matter is not one of mere form or procedure, and it is manifest that the authority of the administratrix to represent the mother without her consent, if that authority existed, could be derived only from the Idaho statute. Not only did the Tennessee court deny that the Tennessee law conferred the right to represent the mother, but the State of Tennessee was powerless to confer it contrary to the statute which gave the cause of

action. The same is true with respect to the State of Washington, where the suit was brought; and there, it may be observed, it has been held under the local statute giving (as does that of Idaho) the right of action for the wrongful killing of the decedent to 'heirs or personal representatives' that the personal representative is not entitled to recover unless it be shown that the designated beneficiaries have sanctioned the bringing of the action. *Copeland* v. *Seattle*, 33 Washington, 415, 421; *Koloff* v. *Chicago, Milwaukee & Puget Sound Rwy. Co.*, 71 Washington, 543, 550, 551.

The Supreme Court of Idaho, having authority to construe the Idaho statute, has held that the administratrix did not represent the mother, and, consequently that the mother's right was not barred. The court thus expressed its conclusion:

"It clearly appears then, first, that the respondent in this case, Mary Elizabeth Whitley, had no right of action and no claim whatever under the laws of the State of Tennessee; second, that she was never made a party to the action prosecuted in the State of Washington, and that the action there prosecuted was not prosecuted for her or in her interest or on her behalf, and that she was neither accorded representation there in person nor by trustee, administrator or other representative. She has, therefore, clearly never been a party to the Washington judgment and is not bound by that judgment. (*Galveston H. & A. S. R. Co.* v. *Kutac*, 72 Texas, 643; *S. C.*, 11 S. W. Rep. 127.)" 23 Idaho, p. 658.

It is left to the plaintiff in error to contend, in substance, that the Idaho court sustained the right of a personal representative, that is, of a duly appointed administrator, to sue under the Idaho statute for the benefit of the 'heirs,' but denied credit to the judgment in question, recovered in virtue of that right, simply because of the subsequent decision of the Tennessee court in refusing to permit the

mother to participate in the proceeds of the recovery; and extracts from the opinion of the Idaho court are quoted in support of the argument. It seems to us that this is too narrow a view of the decision of the state court. We think that the decision taken in its full scope and with its necessary implications involves the construction of the statute to the effect that the 'heirs' are entitled to sue on their own behalf, and that the statute does not give to an administrator or personal representative an independent right of action, or authority to bind the heirs without their sanction, but an administrator is authorized by the statute to sue only on their behalf and with their consent. As has been said, similar words in the statute of the State of Washington, have been similarly construed. See *Cope-land* v. *Seattle*, 33 Washington, 415 (cited in the opinion of the Idaho court); *Koloff* v. *Chicago, Milwaukee & Puget Sound Rwy.*, 71 Washington, 543, 550, 551. And under that construction there is no basis for the conclusion in the present case that the mother was represented in the Washington suit and that she was bound by the judgment there recovered. It is insisted that the mother ratified by endeavoring to obtain in Tennessee a share of the recovery. But this was a wholly barren proceeding. The administratrix resisted the petition, denying in effect that she had represented the mother in the Washington suit and asserting that the mother had no interest whatever in that action or the proceeds. The court upheld this contention of the administratrix and the mother took nothing. Neither the position of the widow nor that of the Railroad Company was changed in any respect, and it cannot be said that this unsuccessful attempt altered the mother's rights.

It is apparent that the Railroad Company coöperated with the administratrix in securing the judgment in her favor, without bringing the mother in as a party and without demanding that proof of authorization of the suit by

the mother should be furnished. Had the Railroad Company made such a demand, there is no reason to believe that it would not have been sustained. Relying upon what appears to be an erroneous construction of the Idaho statute, it preferred to facilitate the administratrix in obtaining the recovery in the absence of the mother and without its being shown that the suit was brought in her interest and with her authority, and the predicament in which it now finds itself is due solely to its own conduct.

*Judgment affirmed.*