No. 19,437.

HATTIE ROBINSON, *Appellee,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

OPINION ON REHEARING.

Appeal from Phillips district court; WILLIAM S. LANGMADE, judge. Opinion on rehearing filed December 11, 1915. Former decision of reversal adhered to. (For original opinion see *ante,* p. 137, 150 Pac. 636.)

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for the appellant.

*W. A. Barron,* of Phillipsburg, *I. M. Mahin,* and *F. W. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

MASON, J.: This case as originally presented involved a large number of questions of law. The view that was taken by this court of a few of them made it unnecessary to pass upon the others. A petition for a rehearing was granted largely in order that counsel, being advised as to what issues were regarded as determinative, might have a fuller opportunity for their discussion than was practicable when the entire field was

to be covered. Upon consideration of the reargument the court adheres to the judgment of reversal previously announced, upon the grounds already stated. Some additions to the former opinion are deemed advisable to make clearer the basis of the decision.

The instruction that the jury might consider the adequacy or inadequacy of the amount received, as bearing upon the question of the plaintiff's competency or incompetency to make the settlement, is regarded as prejudicial, not because it amounted to a comment on the evidence, or violated any general rule against calling particular attention to one matter out of a number; but because it carried the suggestion that if the amount was inadequate to compensate the plaintiff for the loss she had sustained, the fact was strong evidence of incapacity, whereas it had little or no legitimate weight in that connection in view of the many apparent obstacles to a recovery, and of the circumstances attending the settlement—the intervention of an administrator, an attorney, and the court. There was direct testimony that the plaintiff was not competent to transact business, and she accounted for the letters written by her following the settlement by saying that she had no recollection concerning them, but had been told she wrote them from dictation; but upon the whole record there was abundant room for the inference that although she was in a highly nervous condition she was capable of understanding the nature of the settlement. The suggestion as to the adequacy of the amount may well have been a determining factor. But the conclusion reached regarding the effect of the court proceedings in Iowa makes this phase of the matter of comparatively little practical consequence.

The answer made no reference to the proceedings of the Iowa court relating to the dismissal of the action against the railway company in consequence of the settlement. No reference to this omission was made in the original opinion, because nothing was said about it in the plaintiff's brief, where the effect of the court record was contested upon its merits. The argument is now strongly pressed that the defendant should not be allowed to rely upon what amounts to a defense of former adjudication, because it was not pleaded. When the record was offered in evidence the plaintiff objected on the

ground that it was not within the issues. The objection was at first sustained, but afterwards overruled. The evidence having been admitted by the trial court, notwithstanding the objection based on the state of the pleadings, it should not be disregarded on review. The controversy in this regard has to do with the legal effect of what was done in the Iowa court. The fact is not open to question, the record being unassailable, and the circumstance that it was not referred to in the answer ought not under the circumstances to prevent its consideration.

The plaintiff contends that the proceedings in the Iowa court are not in any event binding upon her, because that effect could not follow unless she had given her sanction to the action brought by the administrator, and that her want of capacity made this impossible. A recent opinion of the United States supreme court, and the cases there cited, are relied upon in support of this proposition. (*Spokane Inland R. R. v. Whitley,* 237 U. S. 487.) The federal decision was based wholly upon the interpretation placed by the state court upon the Idaho statute, which provides that the "heirs or personal representatives may maintain an action for damages" where a death has been occasioned by a wrongful act. This is held in the state cases cited to mean that the heirs have the first right to sue, and that an administrator "is not entitled to recover unless it is shown that the direct beneficiaries have sanctioned the bringing of the action." We do not regard this rule as applicable to our own statute, which originally vested the right to sue solely in the personal representative (Civ. Code, § 419), and was afterwards supplemented by a section providing that the action may be brought in some cases by the widow for herself and children, if any, and where there was no widow, by the next of kin (Civ. Code, § 420). The new provision has been held to afford a cumulative and not an exclusive remedy. (*Cox, Adm'r, v. Kansas City,* 86 Kan. 298, 120 Pac. 553.) The settlement here made is characterized in the plaintiff's brief as "inequitable and unconscionable." We can not acquiesce in that view. The amount paid was small in comparison with the verdict returned by the jury, but it was substantial, and was the result of negotiations conducted through an attorney, and approved by a court. Compromises so arranged are not to be discouraged.

The judgment of reversal is adhered to.