PUBLIC SERVICE ELECTRIC CO. v. POST.

(Circuit Court of Appeals, Third Circuit. May 2, 1919.)

No. 2423.

1. DEATH ☞31(1)—ACTION FOR WRONGFUL DEATH—WHO MAY MAINTAIN.
　　Since a right of action for wrongful death is wholly statutory, only the person designated by the statute may maintain an action thereunder.

2. DEATH ☞9—ACTION FOR WRONGFUL DEATH—WHO MAY MAINTAIN—AMENDMENT OF STATUTE.
　　Act March 27, 1917, N. J. (P. L. N. J. p. 531), supplementary to the Death Act, but which makes no change therein, except by providing that actions thereunder shall be brought by an administrator ad prosequendum,

affects the procedure only, and applies to an action brought after its passage for a death which occurred prior thereto.

3. DEATH ⟠31(4)—ACTION FOR WRONGFUL DEATH—QUALIFICATION OF PLAINTIFF UNDER NEW JERSEY STATUTE.

An administrator with limited letters, appointed under Code Civ. Proc. N. Y. § 2559, to prosecute a right of action, has the same or equivalent powers as an administrator ad prosequendum, appointed under the New Jersey Death Act, as amended by Act March 27, 1917 (P. L. N. J. p. 531), to bring an action thereunder.

4. EXECUTORS AND ADMINISTRATORS ⟠22(2)—APPOINTMENT TO BRING SUIT—NEW YORK STATUTE.

Code Civ. Proc. N. Y. § 2559 et seq., authorizing appointment of an administrator with limited letters, "where a right of action is granted to an executor or administrator by special provision of law," is not limited to cases where the right of action is given by the law of New York.

5. DEATH ⟠31(4)—ACTION FOR WRONGFUL DEATH—ACTION BY FOREIGN ADMINISTRATOR.

Under Act March 26, 1896 (P. L. N. J. p. 173; 2 Comp. St. 1910, p. 2265, § 21), providing that "any executor or administrator by virtue of letters obtained in another state may prosecute any action * * * in any court of this state as if his letters had been granted in this state," an administrator with limited letters, appointed under the New York statutes, may maintain an action under the New Jersey Death Act, as amended by Act March 27, 1917 (P. L. p. 531).

In Error to the District Court of the United States for the District of New Jersey; Thomas G. Haight, Judge.

Action at law by Catherine Post, as administratrix, against the Public Service Electric Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Leonard J. Tynan, of Newark, N. J., for plaintiff in error.
Irving W. Teeple, of Newark, N. J., for defendant in error.

Before WOOLLEY, Circuit Judge, and THOMPSON and MORRIS, District Judges.

MORRIS, District Judge. Joseph Post, a resident of New York, met his death in New Jersey through the alleged wrongful act of Public Service Electric Company, hereinafter referred to as the company, a corporation of the latter state. The decedent left to survive him his widow and three minor children as his next of kin. His widow, Catherine Post, also a resident of New York, presented to the surrogate of the county of their residence a petition setting forth, among other things, the death of her husband in New Jersey; that he was not at the time of his death seized or possessed of any real or personal property; that "a right of action exists, granted to the administrator of the decedent by special provision of law, * * * and that it is impracticable to give a bond"—and praying for limited letters of administration. Such letters were granted to her, and she as such administratrix subsequently instituted suit in the District Court of the United States for the District of New Jersey against the company to recover damages for her husband's death. The suit resulted in a judgment for the plaintiff.

The case is brought here by the defendant on a writ of error; the company alleging that the court below erred in holding that the administratrix of the decedent, appointed in a state other than New Jersey, "had a good standing in court as plaintiff to sue for damages for the death of the decedent on an alleged cause of action under the New Jersey Death Act based upon wrongful death in New Jersey."

[1] As there is no right of action at common law for death caused by wrongful act or neglect, the cause of action for the death of Post springs solely from the statute of New Jersey, the state in which the injury resulting in death occurred. Spokane Inland R. R. v. Whitley, 237 U. S. 487, 494, 495, 35 Sup. Ct. 655, 59 L. Ed. 1060, L. R. A. 1915F, 736. And since the action is based entirely upon statute, and the statute designates the person who may sue, only the person so designated may bring such action. Fithian v. St. Louis & S. F. Ry. Co. (C. C.) 188 Fed. 842; Fitzhenry v. Consolidated Traction Co., 63 N. J. Law, 142, 42 Atl. 416. We must therefore look to the statute of New Jersey to determine by whom this action must be brought. We find that at the time of the injury and death of the decedent the Death Act of New Jersey provided:

"Every such [action] shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person," etc. (2 C. S. of N. J. 1908.)

After the grant of the letters of administration to the plaintiff, but before this suit was brought, the following supplement to the above-quoted statute went into effect, viz.:

"Every action, proceeding or claim brought, instituted or made under and by virtue of the remedy given by the act to which this is a supplement shall be brought, instituted or made in the name of an administrator ad prosequendum of the decedent whose death gives rise to the claim under the act to which this act is a supplement; * * * the amount recovered in every such action shall be for the exclusive benefit of the widow, surviving husband, and next of kin. * * *" (Laws of N. J. 1917, ch. 180.)

[2] Who was the proper person under this state of the statutory law to bring this suit—a general administrator, as required by the statute in force at the time the injury and death occurred, or an administrator ad prosequendum, as provided by the statute in effect at the time the suit was instituted? If the latter statute merely changed the mode of procedure—the method of enforcing the right—and did not affect the right itself, it applied to causes of action which accrued before its enactment as well as to those accruing thereafter. Wood v. Westborough, 140 Mass. 403, 5 N. E. 613; Lewis' Sutherland, Stat. Const. § 674. An examination of the two statutes discloses that the supplemental act in no wise affected the liability of the defendant and that it changed neither the persons for whose benefit recovery might be had in this suit nor their respective interests in such recovery. The amount recovered does not go into the personal estate of the deceased, to be applied to the payment of his debts, but is for the exclusive benefit of the widow and next of kin. The administrator upon the record, whoever he is, is therefore merely a formal party for the main-

tenance of the action. Pisano v. Shanley Co., 66 N. J. Law, 1, 48 Atl. 618. The supplemental act, in substituting one person for another as the formal party to prosecute the action, consequently did not affect rights theretofore existing, but only the manner or method of their enforcement. We therefore think that the supplemental act applied to this case, and made it necessary that the suit be brought by an administrator ad prosequendum.

[3] Is the plaintiff such an administrator? The sections of the New York Code of Civil Procedure under which the letters of administration were granted to the plaintiff are:

"2559. Letters may be granted limiting and restricting the powers and rights of the holders thereof as follows: .

"To an executor or administrator where a right of action exists."

"2592. Where a right of action is granted to an executor or administrator by special provision of law, * * * ,and it appears to be impracticable to give a bond * * * the surrogate may dispense with a bond, * * * and issue letters which as to such cause of action shall be limited to the prosecution thereof, and restraining the executor or administrator from compromise of the action or the enforcement of any judgment recovered therein until the further order of the surrogate made upon filing satisfactory security."

The purpose of the appointment in New York of an administrator with limited letters is the same as the purpose of the appointment of an administrator ad prosequendum in New Jersey. The powers of each are substantially, if not entirely, the same. The only difference suggested by counsel is in the power to agree upon a settlement of a claim. But in view of the provisions of section 2720 of the New York Code of Civil Procedure we do not find a difference even here, and we must conclude that the plaintiff is an administrator ad prosequendum.

[4] The plaintiff in error contends, however, that only an administrator ad prosequendum appointed in the state of New Jersey may bring this suit, and that the New York statute providing for limited letters, "where a right of action is granted to an executor or administrator by special provision of law" necessarily refers to a special provision of New York law. We think neither of these contentions can be sustained in view of Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439. In that case the plaintiff, a New York administrator, brought suit in the state of New York to recover damages for the death of her husband resulting from an injury in New Jersey. The objection now raised as to an administrator ad prosequendum was there interposed as to the general administrator, viz. that, conceding the statute of the state of New Jersey established the liability of the defendant and gave a remedy, "the right of action is limited to a personal representative appointed in that state and amenable to its jurisdiction." The Supreme Court overruled that contention, and we think its reasoning as to a general administrator equally applicable to an administrator ad prosequendum. The Supreme Court likewise held that the liability for wrongful death, arising under the New Jersey statute, could be enforced and the right of action pursued by the New York administrator in any court of New York having juris-

diction of such matters and obtaining jurisdiction of the parties. We therefore see no reason why such right of action is not within both the letter and spirit of the New York statute providing for limited letters of administration, "where a right of action is granted to an executor or administrator by special provision of law." To construe the statute as applying only where a right of action is granted to an executor or administrator by special provision of New York law would require us to interpolate into the statute something that is not there and which would be unduly restrictive of its purpose.

[5] But could this plaintiff, as administratrix appointed in New York, prosecute this action in New Jersey? It is true that letters of administration have no extraterritorial force. Story's Conflict of Laws, p. 425. But the authority of the plaintiff to prosecute this action in New Jersey is not dependent on extraterritorial force of the New York statute. Such authority, if any, must be found in the laws of New Jersey, and a statute of that state expressly provides:

"*Any* executor or administrator by virtue of letters obtained in another state may prosecute any action * * * in any court of this state as if his letters had been granted in this state." P. L. 1896, p. 173; 2 C. S. of N. J. 2265.

It appearing from the foregoing considerations that the plaintiff has title to this cause of action, and that, though a foreign administratrix, she was authorized to prosecute it in the state of New Jersey, we find there was no error in permitting her to maintain this suit.

The judgment below is affirmed.