673 P.2d 387

Herman and Ina EVERETT, husband and wife, Plaintiffs-Appellants, Cross-Respondents,

v.

Gerald D. TRUNNELL and Doris Trunnell, husband and wife, Defendants-Respondents, Cross-Appellants.

No. 14489.

Supreme Court of Idaho.

Nov. 9, 1983.

Rehearing Denied Dec. 30, 1983.

Randolph E. Farber, of Robinson & Jones, Nampa, for plaintiffs-appellants, cross-respondents.

Daniel T. Eismann, Homedale, William J. Brauner, Caldwell, for defendants-respondents, cross-appellants.

BAKES, Justice.

Appellants appeal from the trial court's grant of a summary judgment to respondents precluding appellants from recovering for the wrongful death of their son.

The material facts, virtually undisputed, are as follows. Appellants' son, Kenneth Everett, was killed July 23, 1979, when a motorcycle he was riding collided with farm machinery being operated by respondent Gerald Trunnell on a public highway. On November 5, 1979, Kenneth Everett's surviving spouse and child filed suit against the Trunnells, alleging negligence. That case was settled out of court.

On July 1, 1981, appellants, Kenneth Everett's surviving parents, represented by the same counsel, filed this suit against respondents, also alleging negligence. The complaint was brought pursuant to I.C. § 5–311, Idaho's wrongful death statute. In their complaint, appellants claimed damages for the wrongful death, as well as damages for partnership losses incurred due to the death of Kenneth Everett, one-half of a farming partnership with his father.

Respondent filed a motion for summary judgment. The trial court, noting that there were no issues of material fact, and that appellants were precluded from recovering as a matter of law, granted the motion for summary judgment. He then awarded costs to respondents, excluding attorney fees. Appellants appeal from the grant of summary judgment, and respondents appeal from the denial of attorney fees.

The primary issue in this case is whether these particular plaintiffs can maintain this wrongful death action, particularly in light of the fact that these plaintiffs failed to join in the action brought by the decedent's spouse. *Whitley v. Spokane Ry. Co.,* 23 Idaho 642, 132 P. 121 (1913), *aff'd* 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060 (1915). The first issue we must discuss is whether these appellants should be included in the word "heirs" under I.C. § 5–311, which gives the "heirs" of a decedent the right to sue for wrongful death. I.C. § 5–311 reads:

> "5–311. **Action for wrongful death.—** When the death of a person, ... is caused by the wrongful act or neglect of another, his heirs ... may maintain an action for damages against the person causing the death; ...."

This statute, when enacted, created a new cause of action that did not exist at common law. *Whitley v. Spokane Ry. Co., supra. See also, Gavica v. Hanson,* 101 Idaho 58, 608 P.2d 861 (1980); *Hughes v. Hudelson,* 67 Idaho 10, 169 P.2d 712 (1946). Thus, the right of a person to recover for the wrongful death of another is statutory, and a person seeking to recover must qualify under the statute. *Hepp v. Ader,* 64 Idaho 240, 130 P.2d 859 (1942).

In several previous Idaho cases we have considered the meaning of the word "heirs" as used in I.C. § 5–311. In the most recent case, we defined the word "heirs" as referring to persons who are entitled to inherit the property of an intestate, according to the laws of intestate succession in effect as of the date of death. *Hogan v. Hermann,* 101 Idaho 893, 623 P.2d 900 (1980).

I.C. § 15–2–102 (in effect since 1971) declares that if the intestate left a surviving spouse, the surviving spouse will receive all of the community property, and the first $50,000 and one-half the remaining balance of the separate property.[1] Under I.C. § 15–2–103, the remaining balance of the estate would pass to the surviving issue.[2] Under this statutory scheme, where the deceased leaves both a surviving spouse and issue, parents of a decedent are not entitled to inherit any property. Therefore, appellants are not "heirs" of their son. Not being "heirs," they have no cause of action under I.C. § 5–311 for their son's wrongful death. *Hogan v. Hermann, supra.*

Appellants also urge that we create a common law right of recovery for the wrongful death of their son. Appellants cite no authority for this proposition. The law is clear in Idaho that there is no right of recovery for wrongful death apart from the statutory right. *Gavica v. Hanson, supra; Hughes v. Hudelson, supra; Whitley v. Spokane Ry. Co., supra.*

Appellants argue that to deny them the right to recover for their son's death would deny their right to equal protection of the laws in violation of the state and federal constitutions. Idaho Const. Art. 1, § 2; Idaho Const. Art. 1, § 13; United States Const. amend. XIV. To comply with the state constitutional provision, there must be some reasonable ground or basis for the distinction between classes of persons imposed by a particular statutory scheme. *See Weller v. Hopper,* 85 Idaho 386, 379 P.2d 792 (1963). The test under the United States Constitution is similar.

Because the right to recover for wrongful death is not a fundamental right, *Parham v. Hughes,* 441 U.S. 347, 99 S.Ct. 1742, 60 L.Ed.2d 269 (1979), a classification scheme imposed under a wrongful death statute must merely be shown to bear some rational relationship to a permissible state objective. *Parham v. Hughes, supra.*

The state objective under our present wrongful death scheme is clear. Our legislature wished to change the common law to allow recovery for wrongful death, while at the same time limiting that recovery to those persons most likely to suffer a loss. The objective was to allow suit by those persons most likely to be affected by the untimely death of a decedent, such as a surviving wife and child. This limitation on the statutory cause of action is reasonable and bears a rational relationship to a legitimate state objective. Accordingly, appellants have not been denied equal protection of the laws.

Finally, appellants argue that they should be allowed to recover damages for the loss of income to a farming partnership between Herman and Kenneth Everett, such losses being caused by the negligent injury to one of the partners. There is no merit in this argument. The overwhelming weight of authority indicates that a partnership has no right to recover for the negligent injury to a partner. *See* Annot., Right of partnership to recover damages for injury to partner, 36 ALR3d 1375, and cases cited therein.

On cross appeal, respondents argue that the trial court erred in refusing to

---

1. "15–2–102. SHARE OF THE SPOUSE.—The intestate share of the surviving spouse is as follows:

   (a) As to separate property
   . . . .
   (3) if there are surviving issue all of whom are issue of the surviving spouse also, the first fifty thousand dollars ($50,000), plus one-half (½) of the balance of the intestate estate;
   . . . .
   (b) As to community property
   (1) the one-half (½) of community property which belongs to the decedent passes to the surviving spouse."

2. "15–2–103. SHARE OF HEIRS OTHER THAN SURVIVING SPOUSE.—The part of the intestate estate not passing to the surviving spouse under section 15–2–102 of this part, or the entire intestate estate if there is no surviving spouse, passes as follows:

   (a) To the issue of the decedent; if they are all of the same degree of kinship to the decedent they take equally, but if of unequal degree, then those of more remote degree take by representation;
   (b) If there is no surviving issue, to his parent or parents equally;
   . . . ."

award attorney fees at trial. The award of attorney fees under I.C. § 12–121 and I.R. C.P. 54(e)(1) at the trial level is a matter within the trial court's discretion. *See Dustin v. Beckstrand,* 103 Idaho 780, 654 P.2d 368 (1982). We find no abuse of discretion in the trial court's failure to award attorney fees at trial.

However, how the trial court exercised his discretion below is not controlling on this Court's determination of whether or not this appeal was brought frivolously, unreasonably, and without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). The fact that these appellants brought this separate action asserting that they were heirs within the meaning of the Idaho wrongful death statute when clearly they were not, and when they knew that a prior action had been brought by the wife and minor child who, under our Idaho law including our recent case of *Hogan v. Hermann, supra,* were clearly the proper persons to bring that action, leads us to the abiding belief that this is a proper case for the award of attorney fees on appeal.

The judgment of the district court is affirmed. Costs and attorney fees on appeal to respondent.

DONALDSON, C.J., and SHEPARD and HUNTLEY, JJ., concur.

BISTLINE, Justice, concurring in the judgment only and dissenting from the award of attorney's fees on appeal.

## I.

Before *Hogan v. Hermann,* 101 Idaho 893, 623 P.2d 900 (1980), was put to rest the Court membership had heard oral argument twice and written six opinions. At the end the Court did have a majority opinion. Justice Bakes, author of the majority opinion today, was not in the *Hogan v. Hermann* majority and incorrectly today refers to *Whitley v. Spokane Ry. Co.,* 23 Idaho 642,

132 P. 121 (1913), *aff'd* 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060 (1915), as standing for the proposition that the plaintiffs in this case cannot "maintain this wrongful death action particularly in light of the fact that these plaintiffs failed to join in the action brought by decedent's spouse." Neither *Whitley* nor *Hogan v. Hermann* so held, and on the contrary, in both of those cases there were two suits. Bakes, J., with no one joining, espoused the single action theory and may be seen in his today's opinion as again espousing his own previous view.[1] Moreover, in so doing, seemingly there is an abdication of his sometimes stance that the Court should not decide cases on issues which were not presented to the trial court. Defendants' motion was not predicated upon a single action theory, nor was that contention advanced in a supporting brief. The trial court, Judge Norris, did not rule against the appellants on that basis—nor should we—but on the grounds that they were not "heirs" as legislatively defined.

## II.

Counsel for the appellants has endeavored to gain compensation for the losses his clients undoubtedly suffered. Counsel has urged new and novel contentions, and has submitted authority which did not convince the trial court, and has not convinced this Court. On other days and at other times, however, courts have accepted new and novel contentions, and thus new law is made. Here counsel for the respondents has submitted to us a most excellent brief containing authority and argument by which they have sought to persuade this Court against accepting the appellants' argument. Although respondents are successful, the tremendous amount of effort which has gone into their brief obviously demonstrates that counsel for the respondents did not see adverse counsel's attempt at creating new law as undeserving of close attention and frivolous in nature. Nor did the trial judge. Nor do I. For that reason

1. The single action theory was exhaustively reviewed in *Hogan v. Hermann* in the separate

concurring opinion of Bistline, J.

I do not vote to assess an award of attorney's fees against the appellants.[2]

---

**2.** Many readers of our opinions will be comparing the appellants' success here with the appellant's success in *Chandler v. City of Boise Fire Department,* 104 Idaho 480, 660 P.2d 1323 (1983), and *Lamb v. Robinson,* 101 Idaho 703, 620 P.2d 276 (1980). A Court which can reverse as this Court did in those two cases is a court which should not be quick to award attorney's fees where it happens to affirm.