693 P.2d 440

**Elizabeth SCHIESS, individually, and as Guardian ad litem for Clint Ervin Schiess, Terri Lee Schiess, Kimberly Ann Schiess, Kelly Jo Schiess, and Laddie Schiess, Jr., Plaintiffs-Respondents,**

**v.**

**Peter BATES, Defendant-Appellant.**

**No. 15239.**

Supreme Court of Idaho.

Dec. 10, 1984.

Stephen S. Dunn, of the firm Merrill & Merrill, Chartered, Pocatello, attorney for defendant-appellant.

Bryan K. Murray, of the firm McDougall & Gardner, Pocatello, attorney for plaintiffs-respondents.

HUNTLEY, Justice.

## HISTORY

On Memorial Day, 1980, Mr. Peter Bates and his son, Mr. Laddie Schiess and two of his children, and three other individuals went fishing on Palisades Reservoir in eastern Idaho. The weather on that date was occasionally rainy and windy. The group used a boat owned and operated by Mr. Schiess.

When the group was traveling back to the dock from where they had been fishing, a sudden storm arose which capsized the boat. All eight people were thrown into the reservoir's icy water. Holding onto the boat, Mr. Bates was able to reach and retrieve three persons: his own son, one of Mr. Schiess' children, and another boy. Tragically, the four other individuals, unable to reach the boat, drowned.

Mrs. Schiess subsequently filed this suit for herself and on behalf of her surviving children, alleging that Mr. Bates' negligence caused the boating accident. After filing his answer, in which he denied any negligence on his part, Mr. Bates also alleged the contributory negligence of Mr. Schiess. In addition, he filed several motions with the district court. Of significance to this appeal are two motions.

Mr. Bates moved the district court to dismiss the individual Schiess children as being improper party plaintiffs, being neither "parents" under I.C. § 5–310, nor "heirs" under I.C. § 5–311.[1] Mr. Bates also moved for leave to file a third-party complaint against the estate of Mr. Schiess for the purpose of seeking indemnity or contribution for the alleged negligence of Mr. Schiess in causing the death of his daughter. The district court has yet to rule on the first motion and ruled against Mr. Bates on his second motion.

Unclear about whether the district court's decision could be deemed interlocutory or final, Mr. Bates alternatively moved the district court for either a Rule 54(b)

---

1. I.C. §§ 5–310 and –311 state:

    **5–310. Action for injury or death of unmarried child.**—The parents may maintain an action for the injury or death of an unmarried minor child, and for the injury or death of a minor child who was married at the time of his death and whose spouse died as a result of the same occurrence and who leaves no issue, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another, but if either the father or mother be dead or has abandoned his or her family, the other is entitled to sue alone. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person, who is responsible for his conduct, also against such other person.

    **5–311. Action for wrongful death.**—When the death of a person, not being a person provided for in section 5–310, Idaho Code, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.

certificate to appeal or for permission to appeal under Rule 12(b) of the Idaho Appellate Rules. Both motions were granted and this appeal followed.

In addition to appealing the district court's denial of his motion, Mr. Bates also asks this Court to determine whether the children are proper party plaintiffs.

Mrs. Schiess puts forth two arguments to support the district court's refusal to allow the third party complaint: (1) that it is barred by a statute of limitations; and, (2) that the doctrine of parental immunity also precludes the cause of action. We discuss each argument in turn.

## I.

The first argument, that the probate statute of limitations bars Mr. Bates' complaint, need not detain us long. It is readily apparent that the limitations statute which Mrs. Schiess argues precludes Mr. Bates' complaint, I.C. § 15–3–803(a) and (b), does not apply to his cause of action.

■■■ Both subsections (a) and (b) begin by stating that the limitation for filing claims against the estate of a deceased person applies to "all claims ... which arose *before the death of the decedent* ...." (Emphasis added.) Mr. Bates' third-party complaint is a claim for indemnity or contribution. Such a claim has not yet arisen. The rule, recognized in nearly all jurisdictions, including Idaho, is that the cause of action for contribution or indemnity is distinct from the underlying cause of action, and the time from which the statute of limitations for such a cause of action begins to run is when the underlying claim, judgment, or settlement is paid or discharged. *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 322, 543 P.2d 1159, 1162 (1975). Since there is even yet no underlying judgment upon which to base his claim for indemnity or contribution, Mr. Bates' claim has not arisen. It is therefore not barred by I.C. § 15–3–803(a) or (b).

## II.

■■■ Mrs. Schiess' reliance on the doctrine of parental immunity as authority for precluding the maintenance of Mr. Bates' third-party complaint is likewise misplaced. That doctrine—founded on the idea that family unity should not be disrupted by allowing children to sue their parents for injuries sustained as a result of the parent's negligence—has no applicability to the facts of this case.

The action Mrs. Schiess is bringing against Mr. Bates is under I.C. § 5–310. It is a wrongful death action brought by Mrs. Schiess for the loss of her daughter. It is not an action brought by Mrs. Schiess *on behalf* of her daughter's injuries. It is patently clear, then, that no claim is being brought by Mrs. Schiess' deceased daughter. This is significant, because the doctrine of parental immunity only applies to claims brought by living children.

■■■ Likewise, reliance on parental immunity as a bar to the third party action on the ground that it in effect converts Mr. Bates' claim against Mr. Schiess' estate into a claim by the children against their father is misplaced, since the Schiess children are not proper party plaintiffs.

To be proper parties plaintiff for the wrongful death of Mr. Schiess, I.C. § 5–311 requires the children to be "heirs" of Mr. Schiess. We have defined the word "heirs" in the context of § 5–311 as referring to "persons who are entitled to inherit the property of an intestate, according to the laws of intestate succession in effect *as of the date of death*." *Everett v. Trunnell*, 105 Idaho 787, 789, 673 P.2d 387, 389 (1983). (Emphasis added).

The law of intestate succession at the time Mr. Schiess died is set forth in I.C. § 15–2–102 and 15–2–103, which provide that the surviving spouse receives all of the community property and the first $50,000, and one-half of the remaining balance, of the decedent spouse's separate property. Surviving children only become "heirs" of the decedent spouse if the decedent's spouse leaves separate property with a value in excess of $50,000. There is no allega-

tion that Mr. Schiess owned separate property with a value in excess of $50,000; there is nothing to suggest or indicate that the Schiess children are "heirs." Therefore, they are improper parties plaintiff under I.C. § 5–311.[2]

Mrs. Schiess argues, however, that since several months after the accident she renounced inheritance of her husband's one-half of the community to her children, her children became heirs of their father and proper parties plaintiff. Heirs, however, are determined at the date of death for purposes of I.C. § 5–311 and the later execution of the renunciation document does not alter that fact. Thus the motion to dismiss the Schiess children as improper party plaintiffs should be granted.[2]

The order denying leave to file a third party complaint is reversed, the parent-child immunity doctrine being inapplicable to this case. Further, the trial court is directed to order the dismissal of the surviving Schiess children as parties plaintiff.

Reversed and remanded for further proceedings consistent herewith.

Costs to appellant. No attorney's fees on appeal.

DONALDSON, C.J., SHEPARD and BAKES, JJ., and OLIVER, J., Pro Tem., concur.

2. I.C. § 5–311, set out in footnote 1, was repealed by chapter 158 of the 1984 Session Laws, page 385, and replaced by a new section 5–311. Neither party to this appeal has asserted any applicability of the new I.C. § 5–311 either in the briefs or oral arguments.

3. Mr. Bates requested that in the event his third-party complaint were not permitted, that this court provide directions that a special verdict form make provision for the jury to consider the comparative negligence of Mr. Schiess.

Such is not an either/or situation—the submission for consideration of the comparative negligence of Mr. Schiess would be proper whether or not the third-party complaint were maintained.