730 P.2d 1049

**HARMS MEMORIAL HOSPITAL, a political subdivision, and the Power County Board of Commissioners, Plaintiffs-Respondents,**

v.

**James William MORTON and Lucia F. Morton, husband and wife, and J.M. Morton and Grace Morton, husband and wife, Defendants-Appellants.**

**No. 16150.**

Court of Appeals of Idaho.

Dec. 26, 1986.

Lyle D. Eliasen, American Falls, for defendants-appellants.

Thomas J. Holmes of Hawley, Troxell, Ennis & Hawley, Pocatello, for plaintiffs-respondents.

SWANSTROM, Judge.

Dr. James Morton, his wife, and his parents bring this appeal from a judgment and orders entered in the district court. The judgment for damages is in favor of Harms Memorial Hospital (Hospital) and the Power County Board of Commissioners (the Board) and against Dr. Morton. The Mortons contend: (1) that summary judgment was improperly granted against Dr. Morton because there were genuine issues of material facts to be decided, (2) that the court erred in dismissing the Mortons' counterclaims because of failure to comply with the Idaho Tort Claims Act, and (3) that the court abused its discretion by awarding attorney fees to the plaintiffs. We affirm.

On June 15, 1983, Dr. James Morton and the Hospital entered into a "Physician Recruitment Agreement" under which Dr. Morton would practice medicine in American Falls, Idaho, beginning July 1, 1983. In return, the Hospital guaranteed Dr. Morton a monthly gross income of $12,000 paid by the Hospital in the form of a subsidy equal to the difference between $12,000 and the doctor's monthly cash receipts. The contract provided that "[a]t termination, or at the end of twelve (12) consecu-

tive months [Dr. Morton agrees] to repay the Hospital one-half of the total cash subsidy paid to [him] by the Hospital...." The repayment was to be made in eighteen equal monthly installments. One month's repayment would be "forgiven" for each month after termination that the doctor actively practiced medicine in American Falls. Termination was allowed "without cause by either party giving thirty (30) days written notice...."

On December 13, 1983, Dr. Morton received notice of the Hospital's intent to terminate the agreement as of January 14, 1984. Dr. Morton continued to practice medicine in American Falls until March 1, 1984, and then moved to Texas. Under the agreement's terms, repayment of the subsidy was to begin the month after termination, with appropriate "forgiveness" for the period worked beyond termination. Dr. Morton failed to make any payments due under the contract. The Hospital filed suit against Dr. Morton and his wife for breach of contract and joined the doctor's parents because of a land transfer among the Mortons occurring at the time of breach. The Mortons counterclaimed for breach of contract and for malicious prosecution. The district court ultimately dismissed the counterclaim and three of the four counts in the complaint, granting the Hospital and the Board partial summary judgment against Dr. Morton for breach of contract. The court awarded the Hospital the contract amount due plus actual attorney fees and costs, finding that the suit had been defended frivolously, unreasonably and without foundation. The Mortons appealed.

■ In reviewing a summary judgment, we must determine whether any genuine issue of material fact exists and, if not, whether the movants are entitled to judgment as a matter of law. *Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P.2d 440 (Ct.App.1984). No dispute of fact is "material" unless it relates to an issue which is disclosed by the pleadings. *Argyle v. Slemaker*, 107 Idaho 668, 691 P.2d 1283 (Ct.App.1984). The Mortons allege in

their counterclaim that the Hospital wrongfully terminated the contract. Part of the Mortons' argument in this regard is that the agreement could not be terminated unilaterally without good cause for at least twelve months. Several of the Mortons' factual issues are material only if we were to hold that the written agreement is ambiguous as to the right of termination. We hold, however, as did the district court, that the agreement clearly and unambiguously allows for termination "without cause by either party" with thirty days notice. Accordingly, some of the Mortons' factual issues are not material. Other alleged factual issues concerning termination actually are questions of law to be decided upon undisputed facts. Finally, we are concerned with only factual issues that relate to the contract claim of the Hospital because that is the claim upon which summary judgment was granted. We hold that there are no such factual issues which would render summary judgment on the breach of contract claim improper. Therefore, we must determine whether the Hospital and the Board were entitled to judgment as a matter of law.

■ If the contract was properly terminated, the Hospital and the Board would be entitled to summary judgment. As we have stated, the contract itself is clear and unambiguous. The terms allow for a maximum twelve-month contract terminable by either party without cause upon thirty days notice, repayment of one-half the amount paid as subsidy in eighteen equal monthly installments, and forgiveness of payments based on time worked after termination.

The Mortons have questioned whether the decision to terminate the contract was made at a legal meeting of the Board. The facts are undisputed. The action was authorized at a meeting held at the home of a staff member on December 12, 1983. The date and place for this December meeting had been set by action taken by the Board at its October meeting, duly recorded in the Board's minutes. An additional notice or reminder of the meeting was sent to each member three days before the December

meeting. A quorum attended and minutes of the meeting were taken. We hold that there was substantial compliance with I.C. § 31–3606 (meetings of a county hospital board) and with Idaho's open meeting law, I.C. §§ 67–2340 to –2347. Under the terms of the contract Dr. Morton was not entitled to any hearing or special notice that the Board was going to consider terminating the contract at the December meeting. We conclude, as did the district court, that the contract was properly terminated according to its terms. The Hospital and the Board were therefore entitled to summary judgment as a matter of law.

We now turn to the question whether the district court erred in dismissing the Mortons' counterclaim. The Hospital had moved to dismiss the counterclaim on the ground that the Mortons had failed to comply with I.C. § 6–906 requiring the filing of a notice of a tort claim before commencing suit against a political subdivision of the state. The district court, agreeing with the Hospital's position, dismissed all of the Mortons' claims.

In their counterclaim, the Mortons set forth several tort claims against the Hospital, including malicious prosecution, libel and harassment. Under the Idaho Tort Claims Act (ITCA), before bringing a tort action against a governmental political subdivision, the claimant must file a notice of claim with the clerk of the political subdivision within 120 days from the time the cause of action arose or should reasonably have been discovered. I.C. § 6–906.[1]

The Mortons argue that I.C. § 6–906 simply does not apply where the claims against the political subdivision are being asserted in a counterclaim. Essentially, they argue that the filing of the counterclaim itself is sufficient notice. These questions have not previously been decided in Idaho and we need not decide them now. The Hospital has urged in its brief and in oral argument that the district court can be affirmed on alternate grounds. Even where the court's

order is correct, but based upon an erroneous theory, the order will be affirmed upon the correct theory. *Andre v. Morrow*, 106 Idaho 455, 680 P.2d 1355 (1984).

Section 6–904 of the ITCA provides in pertinent part as follows:

> A governmental entity and its employees while acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which:
>
> . . . .
>
> 4. Arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

The pleadings in this case and the Mortons' answers to interrogatories establish that each of the tort claims "arise out of ... [alleged] malicious prosecution, abuse of process, libel ... [and] slander." Thus, on the record that was before the district court it could be determined, as a matter of law, that the tort claims should be dismissed. Accordingly, we can uphold the order of dismissal as it relates to the tort claims.

The Mortons also contend that their counterclaim contained certain claims which are contractual in nature and that such claims were improperly dismissed because, as to them, no advance notice of their filing was required. It is true that at least two of the Mortons' claims dealt with the agreement between the Hospital and Dr. Morton. However, at the heart of these "contractual" claims is the allegation that the agreement was wrongfully terminated. As we have already held, the record before the district court on the summary judgment motion does not support this allegation. Accordingly, we hold that the district court did not err in dismissing the counterclaim in its entirety.

Finally, the Mortons contend that the district court abused its discretion in

---

1. Since the filing of this case, the time limit has been extended to 180 days. *See* 1985 Idaho Sess.Laws, ch. 136 at 372, § 2.

awarding attorney fees to the Hospital and failed to make required findings that are necessary to a meaningful review of the propriety of the award. The court determined that the Mortons had defended the suit frivolously, unnecessarily and without foundation, concluding that the Hospital and the Board were therefore entitled to attorney fees, in addition to court costs, under I.C. § 12–121 as limited by I.R.C.P. 54(e)(1). Absent an abuse of discretion, the district court's determination will not be overturned. *Everett v. Trunnell,* 105 Idaho 787, 673 P.2d 387 (1983); *Anderson v. Ethington,* 103 Idaho 658, 651 P.2d 923 (1982); *Camp v. Jiminez,* 107 Idaho 878, 693 P.2d 1080 (Ct.App.1984).

Unfortunately, these issues were not preserved for our review. Rules 54(d)(6) and 54(e)(6) require that any objection to costs and attorney fees claimed by another party must be made by filing and serving a "motion to disallow part or all of such costs [and fees] within 10 days of service of the memorandum of cost. Failure to timely object to the items in the memorandum of costs shall constitute a waiver of all objections to the costs claimed." I.R.C.P. 54(d)(6). This Court has held that failure to timely object "constitutes a waiver of the right to contest the requesting party's entitlement to the fees sought." *Fearless Farris Wholesale, Inc., v. Howell,* 105 Idaho 699, 704, 672 P.2d 577, 582 (Ct.App. 1983). *See also Conner v. Dake,* 103 Idaho 761, 653 P.2d 1173 (1982).

The Mortons concede that no objection was filed, but they argue that the court denied them the opportunity to object by entering a judgment for plaintiffs, including an award of the attorney fees requested by plaintiffs, just three days after the plaintiffs' memorandum of costs was filed. The court could well have delayed setting the award of fees until after the ten days for filing an objection had expired. *See, e.g., Operating Engineers Local Union 370 v. Goodwin Construction Co. of Blackfoot,* 104 Idaho 83, 656 P.2d 144 (Ct. App.1982). But the procedure used by the court did not foreclose the ten-day period for filing an objection. Rule 54(d)(6) states that such an objection ("motion") "shall not stay execution on the judgment, exclusive of costs...." *See also* Rule 58(a).

Both sides claim attorney fees on appeal. Such an award is proper only if the court finds that the appeal was brought or defended frivolously or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). We decline to make such a finding in this case. Hence, no fees are awarded. Costs to respondents.

WALTERS, C.J., and BAKES, J., Pro Tem., concur.