STILES C. TORRANCE, Plaintiff, *v.* THE THIRD NATIONAL BANK of Buffalo, Defendant.

*Personal property, sold under execution in another State — although in possession of the vendee under a contract by which the vendor retains title until payment completed — the law of Pennsylvania.*

When personal property has been levied on and sold under an execution issued from a court of another State, where the property then was, the rights of parties, in an action brought in the State of New York for the alleged conversion of the property through such levy and sale, must be determined by the laws of such other State in which the property was situated at the time of the alleged conversion.

The law of the State of Pennsylvania applied — that whenever it appears from the contract between the parties that the owner of personal property has transferred the possession thereof to another, reserving to himself the naked title thereof solely for the purpose of securing to himself the payment of the price agreed upon between them, the contract is necessarily a conditional sale and not a bailment, and while good as between the parties is worthless as to creditors and *bona fide* purchasers from the transferee without notice.

MOTION by the plaintiff, Stiles C. Torrance, for a new trial upon exceptions ordered to be heard at General Term in the first instance, upon the direction of a verdict for the defendant at the Erie Circuit, on the 17th day of May, 1892.

The action was brought to recover the value of a safe alleged to have been converted by the defendant to its own use.

The case of *Forrest* v. *Nelson* (108 Penn. St. 481), decides that " Whenever it appears, from the contract between the parties, that the owner of personal property has transferred the possession

thereof to another, reserving to himself the naked title thereof, solely for the purpose of securing to himself the payment of the price agreed upon between them, the contract is necessarily a conditional sale, and not a bailment; and while good as between the parties, is worthless as to creditors and *bona fide* purchasers from the transferee without notice."

*Millard Fillmore Brown,* for the plaintiff.

*Loran L. Lewis, Jr.,* for the defendant.

MACOMBER, J.:

The facts in this case are not in dispute, so that at the close of the evidence, each side asked the court to direct a verdict in its behalf. The learned justice at the Circuit directed a verdict in favor of the defendant, and directed the exceptions thereto to be heard at the General Term in the first instance.

It appears that on August 20, 1890, one Alonzo Smith, then a resident of Erie county, N. Y., executed a contract to the Mosler Safe Company of Cincinnati, Ohio, through its agent at Buffalo, by the terms of which Smith agreed to take a fire-proof safe which was to be shipped to Scranton, Penn., and was to pay therefor the sum of $155 in installments, together with an old safe theretofore owned by him. By the terms of this contract, the title of the safe was to remain in the seller until fully paid for. On the 6th day of January, 1891, there was a balance remaining unpaid for the safe of $105. The defendant recovered a judgment against this Alonzo Smith in the Court of Common Pleas of the county of Lackawanna, in the State of Pennsylvania, and under this judgment, the sheriff levied upon this safe, which then lay in Smith's store in the city of Scranton, Penn., and thereafter in the month of January, 1891, the sheriff sold the right, title and interest of Smith therein, and the same was purchased by the defendant for the sum of forty-five dollars, which was applied toward its judgment against Smith. At the time of the issuing of the *fi. fa.* and the levying upon this safe thereunder, neither the defendant nor any of its agents had any knowledge or notice that Smith was not the real owner of this property. At or before the time of the sale, however, notice was given to the sheriff that the title of the property was in the Mosler

Safe Company, and that thereupon the sheriff stated that he would sell only the right, title and interest of Alonzo Smith therein, which was accordingly done. The Mosler Safe Company assigned its interest in the claim against the Third National Bank to the plaintiff, and this action was accordingly brought to recover the value of the property which, at the trial, was conceded to be $100.

The rights of the parties to this action must be determined by the laws of the State of Pennsylvania, where the personal property was situated at the time of the alleged conversion thereof by the defendant. (*Green* v. *Van Buskirk*, 5 Wall. 307; 7 id. 139.) This proposition has been deemed to be undoubted since the decision of the Supreme Court in the last-cited case, and which has been often referred to and cited in other cases, and its doctrine reaffirmed in *Huntington* v. *Attrill* (146 U. S. 666).

By the law of Pennsylvania, as it was proven upon the trial of this action, the contract between the Mosler Safe Company and Smith, while good as between the parties, was worthless as to creditors or *bona fide* purchasers from a transferee. This rule seems to be abundantly established by the decision put in evidence of *Forrest* v. *Nelson* (108 Penn. St. 481).

It follows that judgment should be directed for the defendant upon the verdict.

DWIGHT, P. J., and HAIGHT, J., concurred.

Plaintiff's motion for a new trial denied and judgment ordered for the defendant upon the verdict.