## FEDERMAN v. VERNI.

### No. 1762.

District Court, E. D. New York.

Nov. 29, 1941.

Guggenheimer & Untermyer, of New York City (Mitchell Salem Fisher, of New York City, and Sam H. Landy, of Philadelphia, Pa., of counsel), for plaintiff.

Julius Schwan, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

This is an action for conversion. The plaintiff, a resident of Philadelphia in the State of Pennsylvania, brings this action against the defendant, a resident of Brook-

114

lyn, New York, claiming that on May 29, 1939, he was the owner and in possession of an automobile truck which was loaded with certain merchandise and was being used by the plaintiff in operating his business in Philadelphia; that prior to that date he had purchased the automobile and had no knowledge or notice of any claim of ownership or lien thereon by the defendant; that on May 29, 1939, the defendant, through her agents, forcibly seized the automobile and the chattels and removed the truck and its load of merchandise from the State of Pennsylvania.

Defendant contends that she took possession of the automobile lawfully and returned all of the merchandise to the plaintiff.

The facts concerning the seizure of the automobile are not in dispute. It is admitted that the automobile was in the possession of the plaintiff in Philadelphia and that the defendant forcibly, and without his knowledge and without notice of her claim, took possession of the car with its merchandise and caused the truck to be taken to New York. The defendant was the owner and holder of a chattel mortgage on this truck. This mortgage had been executed by one Max Hyman in favor of the defendant's assignee, was duly assigned for value, bears date October 14, 1937, and was recorded in the office of the Register of Queens County, State of New York, on or about October 15, 1937, and re-recorded in that office on October 11, 1938. It further appears that Hyman removed the truck to Florida where he obtained Florida motor vehicle registration plates for the truck. Subsequently Hyman took the truck to Pennsylvania and it was in that state that plaintiff purchased it from Hyman. There is no proof that the plaintiff knew of the defendant's lien against the truck. Thus it was a year thereafter that the truck was taken by the defendant.

■■■ Under the laws of the State of New York, a recorded chattel mortgage is valid as against even an innocent purchaser for value and the mortgagee could obtain possession by seizure, such as was effected by the defendant. But the law of Pennsylvania is otherwise. In that state an innocent purchaser for value acquires a good title to a chattel as against a chattel mortgagee. The defendant made no application to a Pennsylvania court to obtain possession of the truck, made no demand on the plaintiff, nor caused any

process to issue. The defendant admits that the Pennsylvania law in respect to the rights of an innocent purchaser for value, as against a chattel mortgagee, differs from the New York law, but contends that New York is the applicable law. The contention is unsound. According to Pennsylvania law the defendant committed a wrong and the rights of the parties must be determined in accordance with the substantive local law. The law of the place where the wrongdoer's conduct occurs determines his liability. Slater v. Mexican National R. Co., 194 U.S. 120, 126, 24 S.Ct. 581, 48 L.Ed. 900; American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826, 16 Ann. Cas. 1047; Spokane, etc., R. Co. v. Whitley, 237 U.S. 487, 495, 35 S.Ct. 655, 59 L. Ed. 1060, L.R.A.1915F, 736; Jarrett v. Wabash R. Co., 2 Cir., 57 F.2d 669, 671. If this action had been prosecuted in the state courts of New York the question of conversion would be decided by applying the law of Pennsylvania, Fitzpatrick v. International Railway Company, 252 N.Y. 127, 169 N.E. 112, 68 A.L.R. 801; Gregonis v. Philadelphia & Reading Coal & Iron Company, 235 N.Y. 152, 139 N.E. 223, 32 A.L.R. 1; Torrance v. Third National Bank of Buffalo, 70 Hun 44, 23 N.Y.S. 1073, and that is the test that must be made herein following Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

■■ Plaintiff is entitled to judgment for the value of the car at the time of seizure. Testimony concerning the value of the car is conflicting. A witness on behalf of the plaintiff said that the wholesale market price of the truck at the time of seizure was $750. A witness for the defendant said that the fair market value would be $200. With a tendency of the plaintiff to overestimate and a corresponding inclination of the defendant to underestimate the value of the car at the time of seizure, the truth is probably somewhere in between. Taking, however, the plaintiff's estimate with a reasonable allowance for depreciation, it would seem that the truck was worth about $450. As to the merchandise which had suffered depreciation, that amount will be set at $77.-43, as itemized in Schedule D of plaintiff's bill of particulars.

■■ Finally it may be observed that the jurisdictional question that is raised by the defendant is not sound. The jurisdictional amount is alleged in the complaint,

and the fact that the damages in a smaller amount have been established of course does not spell out lack of jurisdiction. In the course of the trial the court was compelled to rule against the plaintiff in his efforts to prove other elements of damage.

Let judgment be entered in accordance with the foregoing decision.