247 So.2d 46 (1971)
Nina SCUDDER, Appellant,
v.
SEABOARD COAST LINE RAILROAD, a Corporation, Appellee.
No. 39688.
Supreme Court of Florida.
April 7, 1971.
Tom Whitaker, Jr., of Whitaker & Goodson and Pat Whitaker, Jr., Tampa, for appellant.
Richard W. Reeves, of Allen, Dell, Frank & Trinkle, Tampa, for appellee.
ADKINS, Judge.
This is a direct appeal from a judgment of the Circuit Court for Hillsborough County dismissing with prejudice Plaintiff's complaint, which judgment construed a controlling provision of the Federal Constitution. Fla. Const., art. V, § 4(2) (1968), F.S.A.
The parties will be referred to as they appeared in the trial court.
Plaintiff's husband was allegedly injured due to the negligent acts of the Defendant and recovered a judgment. The Plaintiff-wife then instituted this suit alleging that as a result of the bodily injuries suffered by her husband through the negligent acts of the Defendant, the Plaintiff suffered damages by virtue of loss of consortium. The trial judge, upon motion, dismissed the wife's complaint with prejudice on authority of Ripley v. Ewell, 61 So.2d 420 (Fla. 1952).
Plaintiff argues that it is a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution to grant a husband in the State of Florida the right to recover damages for loss of companionship and consortium, and to deny that same right to a wife.
In Gates v. Foley, Fla., 247 So.2d 40, opinion filed April 7, 1971, we receded from Ripley v. Ewell, supra, and held that the denial of the right to the wife to seek damages for loss of consortium under such circumstances violated the equal protection clause of the United States Constitution. We accept jurisdiction and reverse the judgment of the trial court upon authority of Gates v. Foley, supra.
The fact that the husband's suit was terminated by a favorable judgment does not bar the wife from subsequently maintaining a cause of action for loss of consortium.
The judgment is reversed and the cause remanded to the Circuit Court of Hillsborough County for further proceeding.
It is so ordered.
ERVIN, CARLTON, BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS, C.J., dissents.