ADKINS, Justice.
This is an appeal from the Circuit Court of Hillsborough County, having been transferred to this Court from the District Court of Appeal, Second District, 240 So.2d 850.
Stephen E. Banores was injured due to the negligence of the Appellees and recovered a final judgment. This judgment was satisfied by payment. Thereupon, the Appellant, wife of Stephen E. Banores, brought suit for damages due to loss of consortium arising out of this injury to her husband.
After filing an answer, the Appellees, Defendants below, filed a motion for judgment on the pleading which was granted on the ground that a wife cannot maintain an action for loss of consortium.
Upon appeal, the District Court of Appeal, Second District, noted that constitutional questions were raised, as Appellant argued that denying a wife damages for loss of consortium while allowing them to a similarly deprived husband violated the equal protection clause of U.S.Const. Amend. XIV and § 4 of the Declaration of Rights of the Fla.Const., F.S.A. On November 13, 1970, the District Court of Appeal transferred the cause to this Court.
On April 7, 1971, this Court rendered its opinion in Gates v. Foley, 247 So.2d 40, wherein we held that deprivation to the wife of the husband’s companionship, affection and sexual relation (or consortium, as therein defined) constitutes a real injury to the marital relationship and one which should be compensable at law if due to the negligence of another. This determines the question involved in the case sub judice.
We have receded from the authorities relied upon by the trial judge when he entered final judgment for the Defendants.
Under the circumstances, the filing of additional briefs would merely necessitate useless labor on the part of the attorneys involved.
We accept jurisdiction. Scudder v. Seaboard Coast Line Railroad, 247 So.2d 46 (opinion filed April 7, 1971).
The final judgment on behalf of the Appellees is reversed and the cause is remanded to the trial court for further proceeding.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and BOYD, JJ., concur.