RAWLS, Chief Judge.
Pursuant to Florida Appellate Rule 4.6, 32 F.S.A., the Circuit Court in and for Leon County, Florida, has certified to this Court that the following questions of law are without controlling precedent in this State and a determination thereof will facilitate the proper disposition of the cause, viz:
May a plaintiff-wife, whose husband was injured in an explosion when he applied an oxyacetylene torch to an empty steel drum containing a residue of a pesticide, and who thereafter sues the manufacturer of the pesticide for loss of consortium and service for failure of the manufacturer to adequately warn of the danger involved, and thereafter settles her claim by allowing the suit to be dismissed with prejudice and by executing a full release thereafter maintain an action for the same injury to her husband and for the same consequential damages and on the same theory against the retailer of the product ?
May a plaintiff injured in an explosion when he applied an oxyacetylene torch to an empty steel drum containing a residue of a pesticide and who thereafter sues the manufacturer of the pesticide for failure to adequately warn of the danger involved, consents to entry of judgment in his favor and against the manufacturer, has his judgment satisfied by the manufacturer, and executes a formal satisfaction of judgment thereafter maintain an action against the retailer for the same injury and damages and on the same theory against the retailer of the product?
By their brief, plaintiffs state: “This question has been addressed previously by the Third District Court of Appeal in Mathis v. Virgin, 167 So.2d 897 (1964).” Again plaintiffs state in their brief that the “statutory provisions authorizing the release of one tortfeasor without releasing all tortfeasors and subsequently providing for a set-off has been given a wide latitude in interpretation, force and effect by the appellate courts in this state beginning with The Hertz Corp. v. Hellens, 140 So.2d 73 (2 D.C.A.1962), case and a long line of decisions thereafter.” By his brief and in his argument before this Court, plaintiff urges that this Court’s decisions in Arenson v. Ford Motor Co., 254 So.2d 812 (1 Fla.App.1971), and Escambia Chemical Corp. v. Industrial Marine Supply Co., 238 So.2d 684 (1 Fla.App.1970), are in conflict with the intent of F.S. § 768.041, F.S.A., and that this Court should recede from these decisions. Numerous other citations and arguments pertaining to the instant certified questions are presented by both parties.
Plaintiffs are not alone in their contentions. Defendant has filed extensive briefs citing numerous Florida cases which it *229 contends are controlling precedents; and not being content with its initial brief, defendant, with the permission of this Court, filed a reply brief analyzing the extensive case law of this jurisdiction which it contends must control the foregoing certified questions.
In Schwob Co. v. Florida Industrial Commission, 152 Fla. 203, 11 So.2d 782 (1942), The Supreme Court laid down the strict guidelines for the utilization of the rule permitting certified questions when it stated:
“The petition must be denied because it attempts to transfer the jurisdiction of the circuit court to this court, which cannot be done.

“The appellate jurisdiction of this court cannot be invoked and a cause transferred bodily to it except from a determination of the inferior court. Transfer of a cause to this court without such determination amounts to transferring original jurisdiction to it. The legislature nor this court has power to extend the jurisdiction of a court beyond that defined in the Constitution. If the case is one in which this court and the circuit court have coordinate jurisdiction, a different rule may apply.”
We are of the view there is ample controlling precedent in this jurisdiction for the trial court’s guidance.
We respectfully decline to answer the certified questions for the reason that the “Circuit Court cannot divest itself of its original jurisdiction which is prescribed and ordained by the Constitution. Nor, by the same token, can this appellate Court preempt that trial jurisdiction.” [1] ■
The causes are remanded to the trial court for further proceedings.
JOHNSON, J., and HOWELL, Associate Judge, concur.

. First National Bank & T. Co. v. Great American Ins. Co., 257 So.2d 73 (2 Fla.App.1972).