286 So.2d 221 (1973)
June REAVES, Plaintiff,
v.
L.W. ROZZO, INC., a Florida Corporation, and United States Fidelity and Guaranty Company, a Foreign Corporation, Defendants.
No. 73-889.
District Court of Appeal of Florida, Fourth District.
December 7, 1973.
*222 Eleanor Levingston Schockett, Kates Ress Gomez & Rosenberg, North Miami, for plaintiff.
Alan B. Whitaker, Jr., Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for defendants.
MAGER, Judge.
Pursuant to Rule 4.6, F.A.R., 32 F.S.A.,[1] the trial court certified to this court the following question:
"Whether a wife is allowed to maintain an action for loss of her husband's consortium where the husband has already fully litigated his action for the injuries he sustained, received satisfaction in full for said injuries, and his wife did not join him in litigation."
It is clear from a reading of Rule 4.6 that in order for certification to be effected the question or proposition of law certified to the appellate court must be one "without controlling precedent in this state". (See discussion of certified questions by the late Fuller Warren in 9 Miami Law Quarterly 375.) The question posed by the trial court and certified to this court for disposition was determined by the Supreme Court of Florida in Scudder v. Seaboard Coast Line Railroad, Fla. 1971, 247 So.2d 46; Banores v. Austin, Fla. 1971, 248 So.2d 648, and Gates v. Foley, Fla. 1971, 247 So.2d 40. Although numerous authorities have been cited to this court (by the defendants below) suggesting a position contrary to that espoused by our Supreme Court in the above cited cases, "a District Court of Appeal does not have the authority to overrule a decision of the Supreme Court of Florida", Hoffman v. Jones, Fla. 1973, 280 So.2d 431.[2] Any departure from the aforementioned decisions "should be at the hands of the Supreme Court rather than [at the hands of] the District Court of Appeal", Hoffman v. Jones, supra.[3]
Inasmuch as the question presented is not without controlling precedent in the State such question does not fall within Rule 4.6. Jaworski v. City of Opa-Locka, Fla.App. 1963, 149 So.2d 566. The trial court has the power to adjudicate the question which may be reviewed on appeal if desired. See Miller v. Esca Rosa Development Corp., First District Court of Appeal, 284 So.2d 227, opinion filed October 23, 1973.
Certified question denied.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] "Rule 4.6. Certified Questions From State Courts

"a. When Certified. When it shall appear to a judge of the lower court that there is involved in any cause pending before him questions or propositions of law that are determinative of the cause and are without controlling precedent in this state and that instruction from the Court will facilitate the proper disposition of the cause, said judge, on his own motion or on motion of either party, may certify said question or proposition of law to the Court for instruction."
[2] But see Bussey v. Shingleton, Fla.App. 1968, 211 So.2d 593; Shingleton v. Bussey, Fla. 1969, 223 So.2d 713; Lunney v. Post, Fla.App. 1971, 248 So.2d 504; Post v. Lunney, Fla. 1972, 261 So.2d 146.
[3] See footnote 2, infra.