ELLIS, Judge:
This is a suit by Willis Bell, Jr., for benefits allegedly due him under a hospitalization insurance policy. According to the record, plaintiff was employed by the East Feliciana Parish School Board as a school bus driver. Prior to October 1, 1978, employees of the' School Board were covered by a group insurance policy written by Southern Health Benefit Plan. On October 1, 1978, and thereafter, coverage was afforded by a policy written by Horace Mann Life Insurance Company.
Plaintiff’s last day on the job was September 28, 1978. On the next day, he became ill and on September 30,1978, he was hospitalized with lung cancer, and did not work again. After his illness began, his school bus was driven by another driver, but plaintiff paid for the gasoline. He remained hospitalized for about a month, and incurred medical expenses in excess of $13,-000.00. From September 29, 1978, for a period of 125 days, plaintiff was paid sick leave by the School Board. A hospitalization insurance premium was deducted from those checks and paid to Horace Mann.
Southern Health refused to pay plaintiff’s hospital expenses because they were bankrupt and no longer writing the insurance. Horace Mann has refused to pay on the ground that plaintiff is not covered by their policy. After this suit was filed, Horace Mann filed a motion for summary judgment, attaching to it the policy, an affidavit, and plaintiff’s deposition, which together with the pleadings, reflect the facts here-inabove set forth.
The policy provision on which Horace Mann relies to escape liability reads as follows:
“When a new group is formed and eligible people enroll during the initial enrollment period, coverage is effective immediately, provided employees are actively at work and dependents are not hospital confined on the effective date of coverage.”
The trial judge found that plaintiff, who was hospitalized and on sick leave, was not “actively at work” on October 1, 1978, and therefore was not covered by the Horace Mann policy. From a judgment dismissing his suit as to Horace Mann, plaintiff has appealed.
Plaintiff contends that, as a contract employee, he was obligated only to provide a school bus to the Board, and pay for its operating expenses. The record shows that he continued to do this after his illness commenced and plaintiff claims that he was, therefore, actively at work. Horace Mann, on the other hand, argues that since plaintiff was physically unable to drive the bus, and was, in fact, in the hospital, he was not actively at work within the terms of the insurance contract.
Clearly, the terms of the contract between plaintiff and the Board are material facts, which are not now before the court and which are essential to a proper determination of the question presented. We therefore find that summary judgment should not have been rendered.
The judgment appealed from is reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. Horace Mann shall pay all costs of this appeal, with all other costs to await final determination of this case on its merits.
REVERSED AND REMANDED.