CRAIN, Judge.
This is an appeal from a summary judgment granted by the trial court in favor of defendant, Horace Mann Life Insurance Company (hereafter Horace Mann). The litigation arose when the plaintiff was denied health insurance benefits which he alleged were due him by Horace Mann.
*28 The facts of this case are set out in Bell v. Baird, 395 So.2d 1388 (La.App. 1st Cir. 1981). In that opinion, this Court reversed and set aside a previous summary judgment granted by the trial court in Horace Mann’s favor and remanded the case for further proceedings in accordance with law. After the remand, Horace Mann filed a second motion for summary judgment, attaching the depositions of Huey L. Tynes, the school board superintendent, and Joyce Herrod, payroll accountant for the East Feliciana Parish School Board (hereafter school board), which depositions were taken at the instance of the plaintiff.
After hearing argument on the motion, the trial court granted Horace Mann’s second motion for summary judgment. It is this second summary judgment which is the subject of this appeal.
In our original opinion in Bell, we pointed out that the terms of the employment contract between the plaintiff and the school board are material facts which were not then before the court and therefore summary judgment was inappropriate. Although the two additional depositions indicate that there was no written contract between the plaintiff and the school board, they still do not adequately answer the question of whether the plaintiff was “actively at work” on the date Horace Mann’s policy took effect.
Horace Mann is insuring a group that includes school bus drivers. Its policy immediately covers employees who are “actively at work”. Determining whether or not the plaintiff was “actively at work” is not simply a matter of interpreting a clause in an insurance policy. Rather, it involves a determination of what the employee’s duties encompass and whether or not he is actively involved in the performance of these duties at the time the employee’s claim arises. A construction worker being “actively at work” differs greatly from a school bus driver being “actively at work”. In either case, it is not solely the policy which must be examined, but the persons forming the group which is to be insured, and the duties they are required to perform.
“Actively at work” is defined in the Horace Mann policy as the “active expenditure of time and energy in regular employment. .. A school bus driver may be able to perform this requirement on the telephone. It all depends on the duties of his employment and what is expected of him in the performance of those duties. Obviously, this cannot be determined simply by looking at a clause in the policy. This is the reason we originally held, and still subscribe to the conclusion, that the terms of Willis Bell’s employment are going to have to be examined and a factual determination made as to whether he was “actively at work”.
Depositions and affidavits have been submitted. It may be that they contain all the information necessary for a final determination of this case. However, that is not the reason they were submitted. They were introduced to show that an issue of material fact exists which must be determined by a trial on the merits. In a motion for summary judgment they are not properly used, absent stipulation, to resolve a factual issue, when the purpose of their introduction is to show a factual issue. La.C. C.P. Art. 966, Givens v. Richland-Morris Agency, Inc., 369 So.2d 1184 (La.App. 2d Cir.1979).
Because it is this Court’s opinion that the question of whether the plaintiff was “actively at work” on October 1, 1978, remains a genuine issue of material fact' in this case, the summary judgment granted by the trial court is reversed and this case remanded for trial on the merits. The ap-pellee is to pay all costs of this appeal.
REVERSED AND REMANDED.