802 F.2d 1347
 Nancy C. VILDIBILL, as Personal Representative of the Estate
of Steven Allen Paul, deceased, Plaintiff-Appellant,
v.
Eddie JOHNSON, AAA Cooper Transportation, Inc., and
Transport Insurance Co., Defendants-Appellees.
 No. 84-3630.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 23, 1986.
 
 Todd R. Stern, Paul Antinori, Jr., Antinori & Thury, Tampa, Fla., for plaintiff-appellant.
 Gwynne Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before VANCE and HATCHETT, Circuit Judges, and LYNNE*, Senior District Judge.
 PER CURIAM:
 
 
 1
 The issue presented in this appeal is whether under Florida Wrongful Death Act, Fla.Stat.Ann. Secs. 768.16-768.27 (West Supp.1985), an adult decedent's estate may recover loss of net accumulations where the decedent is survived only by parents who were not dependent upon him for support or services, and who are not otherwise entitled to recover damages for his death in their own right. Because this case involved a question of Florida law which was determinative of the cause but was unanswered by controlling precedent of the Supreme Court of Florida, we certified the issue for resolution to the Supreme Court of Florida. The Supreme Court of Florida responded to the question certified in the affirmative. Vildibill v. Johnson, 492 So.2d 1047 (Fla.1986). We agree with its determination and thus reverse the order of the district court granting defendant's motion for summary judgment and remand for further proceedings. The opinion of the Supreme Court of Florida contains a complete treatment of the relevant facts and legal issue involved. Therefore, we publish in its entirety the opinion of the Supreme Court of Florida.**
 
 
 2
 "Pursuant to Florida Rule of Appellate Procedure 9.150, the United States Court of Appeals for the Eleventh Circuit has certified to us a question of law concerning the Florida Wrongful Death Act. We have jurisdiction. Art. V, Sec. 3(b)(6), Fla. Const.
 
 
 3
 "Steven Allen Paul, a twenty-five-year-old single male, was killed instantly when his automobile collided with a tractor driven by Eddie Johnson. Paul was survived by his natural mother, Nancy Vildibill, and his natural father, Charles Paul, neither of whom were dependent upon him for support and services.
 
 
 4
 "Florida's Wrongful Death Act allows a variety of persons to recover various types of damages in a wrongful death action. In this instance, the two parties most likely to recover damages are the estate and parents of the decedent. A review of the Wrongful Death Act indicates that the decedent's parents may not maintain a cause of action for the wrongful death of their son. Section 768.21(4), Florida Statutes (1983) allows the parents of a minor child to recover damages for mental pain and suffering, but the victim in this case was not a minor child as defined in section 768.18(2), Florida Statutes (1983). Similarly, the decedent's parents are precluded from recovering damages for lost support and services pursuant to section 768.21(1), Florida Statutes (1983), because they were not wholly or partly dependent upon their son for support and services.
 
 
 5
 "The decedent's estate may recover prospective net accumulations, reduced to present money value, in a variety of circumstances. Net accumulations are that part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy. Sec. 768.18(5), Fla.Stat. (1983). First, the estate of a decedent may recover loss of prospective net accumulations if the decedent is survived by a spouse or lineal descendants. Sec. 768.21(6)(a)1, Fla.Stat. (1983). This provision does not apply to the facts of this case. Second, the estate of an adult decedent may recover loss of prospective net accumulations if the decedent was survived by a distant blood relative who was not dependent upon the decedent for support and services or if the decedent was not survived by spouse, minor children or parents. Sec. 768.21(6)(a)2, Fla.Stat. (1983). Hence, without question, if Steven Allen Paul had not been survived by his parents, the estate could have maintained a cause of action for loss of prospective net accumulations.
 
 
 6
 "The Eleventh Circuit Court of Appeals was unsure of whether the existence of surviving parents who may not maintain a cause of action in their own right precludes the estate from recovering prospective net accumulations. If such is the case, the death of a single adult, survived only by parents, would be the only factual situation in Florida in which a wrongful death could occur without a civil remedy. Thus, the United States Court of Appeals requested that we rule on the following question:
 
 
 7
 Whether an adult decedent's estate may recover loss of net accumulations where the decedent is survived only by parents who were not dependent upon him for support or services, and who are not otherwise entitled to recover damages for his death in their own right.
 
 
 8
 We answer the question in the affirmative.
 
 
 9
 "The current dispute centers around the wording of section 768.21(6)(a)2, Florida Statutes (1983), which allows the estate of a decedent to recover net accumulations 'if the decedent is not a minor child as defined in s. 768.18(2) and does not have survivors as defined in s. 768.18(1).' The problem arises here because although the decedent was not a minor child as defined in section 768.18(2) at the time of death, he did have survivors as defined in section 768.18(1) because parents are included in the class of people defined as 'survivors' under section 768.18(1). Thus, under a strict literal reading of section 768.21(6)(a)2 as urged by appellees, Steven Allen Paul's estate would be precluded from recovering prospective net accumulations. We refuse to read the statute in such a manner.
 
 
 10
 "Legislative intent must be given effect even though it may contradict the strict letter of the statute. State v. Webb, 398 So.2d 820 (Fla.1981). In order to correctly discern the intent of the legislature, it is necessary to trace the history of section 768.21(6)(a), Florida Statutes (1983). Prior to 1981, section 768.21(6)(a) provided that an estate could recover net accumulations only if the decedent's survivors included a surviving spouse or lineal descendants. In 1981, the legislature amended section 768.21(6)(a) to also allow the estate of a decedent to recover net accumulations:
 
 
 11
 If the decedent is not a minor child as defined in s. 768.18(2) and does not have survivors as defined in s. 768.18(1).
 
 
 12
 Ch. 81-183, Laws of Fla. The 1981 amendment significantly expanded the situations in which an estate may recover for the loss of prospective net accumulations in a wrongful death action. The scope of the 1981 amendment is so expansive that it allows the estate to recover the loss of prospective net accumulations if the decedent has no surviving relatives. In many such situations the monetary damages would ultimately escheat to the state pursuant to section 732.107(1), Florida Statutes (1983). Clearly, the 1981 amendment, as found in chapter 81-183, Laws of Florida, was enacted to remedy past cases where an adult was killed by the negligence of another and the blood relatives of the decedent were not provided with a remedy in their own right or through the estate. See White v. Clayton, 323 So.2d 573 (Fla.1975) (sisters of adult decedent may not recover loss of net accumulations through the estate); Capiello v. Goodnight, 357 So.2d 225 (Fla. 2d DCA), appeal dismissed, 365 So.2d 712 (Fla.1978); Henderson v. Insurance Company of North America, 347 So.2d 690 (Fla. 4th DCA 1977) (adult non-dependent children of decedent may not recover loss of net accumulations through the estate); Bassett v. Merlin Inc., 304 So.2d 543 (Fla. 3d DCA 1974), aff'd, 335 So.2d 273 (Fla.1976) (parents of adult decedent may not recover loss of net accumulations through estate).
 
 
 13
 "Along with reading the amendment to discern the general intent of the legislature to broaden those situations in which an estate may recover prospective net accumulations, we have before us testimony of the sponsors of the amendment indicating that the 1981 amendment was enacted to provide a remedy for the estate of an adult decedent who is survived only by parents. The testimony was given to the Commerce Committee which was considering the amendment in question. A mother of a twenty-five-year-old single man additionally testified before the Committee to express her disillusionment that she was left without a remedy for her son's death. Members of the Commerce Committee asked how her situation would change if they passed the 1981 amendment. The sponsor of the amendment replied 'under the amended--the bill as amended, there would be a claim now for the loss of value for the prospective estate of this individual, something that did not exist at the time her son was killed.' After receiving explanations on the practical application of the 1981 amendment, the Senate Commerce Committee unanimously approved the amendment, which passed both houses of the legislature without any change or modification. The above testimony supports our conclusion that the legislature intended to allow parents of adult children to recover net accumulations through the estate. Although not controlling in this case, we take this opportunity to note that the legislature has since removed any potential questions regarding its intent to allow the estate of an adult decedent who is survived only by non-dependent parents to recover prospective net accumulations by amending section 768.21(6)(a) to provide that the estate of a decedent may recover net accumulations:
 
 
 14
 2. If the decedent is not a minor child as defined in s. 768.18(2), there are no lost support and services recoverable under subsection (1), and there is a surviving parent.
 
 
 15
 Ch. 85-260, Laws of Fla.
 
 
 16
 "Appellees argue that we should construe section 768.21(6)(a)2, Florida Statutes (1983) in a strict and literal manner. Such an interpretation of the statute would preclude an adult decedent's estate from recovering prospective net accumulations if the decedent was survived by parents, yet allow recovery if the decedent was not survived by parents. A strict literal construction of the statute would create an irrational classification which violates the constitutional guarantee of equal protection of law. Art. I, Sec. 2, Fla. Const.
 
 
 17
 "We fully recognize that the legislature did not create an irrational classification violative of the equal protection clause when it limited recovery for loss of net accumulations to the surviving spouse and lineal descendents. White v. Clayton, 323 So.2d 573 (Fla.1975). We further recognize that a statutory classification that is neither suspect nor invades a fundamental right must only be rationally related to a legitimate state interest. Gluesenkamp v. State, 391 So.2d 192 (Fla.1980), cert. denied, 454 U.S. 818, 102 S.Ct. 98, 70 L.Ed.2d 88 (1981). However, a statutory classification cannot be wholly arbitrary. Eastern Air Lines Inc. v. Department of Revenue, 455 So.2d 311 (Fla.1984), appeal dismissed, --- U.S. ----, 106 S.Ct. 213, 88 L.Ed.2d 214 (1985); Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla.1974). The statute, as construed by appellees, would create a classification that is purely arbitrary and totally unrelated to any state interest. Appellees have failed to supply, and this Court has failed to find, any justification or state interest upon which we could uphold a statutory scheme which denies recovery to the parents of an adult decedent yet allows recovery when the adult decedent leaves no survivors.
 
 
 18
 "If a statute may reasonably be construed in more than one manner, this Court is obligated to adopt the construction that comports with the dictates of the Constitution. Department of Insurance v. Southeast Volusia Hospital District, 438 So.2d 815 (Fla.1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984); Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla.1981); Leeman v. State, 357 So.2d 703 (Fla.1978). As noted previously, a strict literal interpretation of section 768.21(6)(a)2 would create an irrational classification in violation of the equal protection clause. Another reasonable construction of section 768.21(6)(a)2 exists. In allowing the estate of an adult to recover net accumulations if the decedent did not have survivors as defined in section 768.18(1), the term 'survivors' means those survivors who can invoke other available remedies authorized by the other provisions of the Wrongful Death Act. This construction is supported by reading section 768.18(1) in pari materia with sections 768.21(1) through (5). Every class of persons defined as 'survivors' in section 768.18(1) is afforded a remedy for wrongful death somewhere in section 768.21(1) through (5). Dependent parents are 'survivors' because they are afforded a remedy under subsection (1) and parents of minor children are 'survivors' because they are afforded a remedy under subsection (4). Accordingly, when the legislature defined parents as 'survivors' under the act the legislature is presumed to have meant parents who could recover for pain and suffering because the deceased was a minor child or parents who could recover because they were dependent upon the child for support or services. Thus, non-dependent parents of an adult child are not survivors under section 768.18, as referred to in 768.21(6)(a)2, because they are not entitled to recover under the other provisions of the Wrongful Death Act.
 
 
 19
 "In summary, we hold that an adult decedent's estate may recover loss of prospective net accumulations when the decedent is survived only by parents who may not maintain a cause of action in their own right. This holding is based upon the clear intent of the legislature and the fact that a strict and literal interpretation of the statute would violate the equal protection clause of the Florida Constitution. Further, when the Wrongful Death Act is read as a whole, it becomes clear that the requirement that an adult decedent leave no survivors in order for the estate to recover net accumulations refers only to those survivors who are provided with a remedy elsewhere in the statute.
 
 
 20
 "Accordingly, the case is returned to the United States Circuit Court of Appeals for further disposition of this appeal.
 
 
 21
 "It is so ordered.
 
 
 22
 "BOYD, C.J., and McDONALD and BARKETT, JJ., concur.
 
 
 23
 "OVERTON, EHRLICH and SHAW, JJ., dissent."
 
 
 24
 Accordingly, the district court is REVERSED, and this case is REMANDED.
 
 
 
 *
 Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 **
 We are grateful for the aid of the Supreme Court of Florida. Use of rule 9.150, Florida Rules of Appellate Procedure contributes to the ability of federal courts to properly determine issues that are primarily state concerns