**In re AIR CRASH AT DALLAS/FORT WORTH AIRPORT ON AUGUST 2, 1985.**

**David C. MILLER, Jr., and M. Dorothy Miller, Plaintiffs–Appellants,**

**v.**

**DELTA AIR LINES, INC., Defendant–Appellee.**

No. 88–1456

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1988.

Rehearing Denied Jan. 12, 1989.

Tom Davis, Mike Davis, Byrd, Davis & Eisenberg, Austin, Tex., for plaintiffs-appellants.

John H. Martin, Craig A. Haynes, Thompson & Knight, Dallas, Tex., for defendant-appellee.

Before KING, JOHNSON and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The facts of this case are not complicated. David Miller ("Miller") died in a Delta Airlines, Inc. ("Delta" or "defendant"), plane crash on August 2, 1985. His daughter, Dorothy Michele Miller ("daughter"), brought a survivors and wrongful death diversity action as representative of Miller's estate under Fla.Stat. §§ 768.16–27 (1985) in the United States District Court for the Southern District of Florida, Miami Division ("Miami Division"). The daughter won and received satisfaction of a judgment in the amount of $775,000. David Miller's parents ("parents" or "plaintiffs") subsequently brought the instant diversity action under Texas's Wrongful Death Act, Tex.Civ.Prac. & Rem.Code §§ 71.001–011 (Vernon Supp.1986), in the United States District Court for the Northern District of Texas, Dallas Division ("Dallas Division"). In the Dallas case, Delta moved for summary judgment based upon the res judicata effect of the Miami Division judgment. The Dallas Division granted the motion. The parents then perfected this appeal.

I.

In reviewing a summary judgment, we apply the Fed.R.Civ.P. 56(c) summary judgment standard *de novo* and ask whether there are no questions of material

fact such that the movant is entitled to judgment as a matter of law.[1] In making this determination, we draw the inferences most favorable to the party opposing the motion. *Reid,* 784 F.2d at 578. Some deference is due to the district court's interpretations of the law of the state in which it sits. *Smith v. Mobil Corp.,* 719 F.2d 1313, 1317 (5th Cir.1983). In the instant case, these principles require that we draw the inferences most favorable to the parents and accord the Dallas Division some deference on its rulings on Texas law but not necessarily on those regarding Florida law.

## II.

■ Although the forum state's choice-of-law rules determine the substantive law in diversity actions, *Day & Zimmermann v. Challoner,* 423 U.S. 3, 96 S.Ct. 167, 46 L.Ed.2d 3 (1975) (per curiam), the Dallas Division erred in applying Texas's choice-of-law rules to determine that the Florida law of res judicata controls this issue. Where one federal court is considering the res judicata affect of another federal court's judgment in a diversity action, the federal common law of res judicata should be applied to protect the integrity of federal judgments, even though a decision is based on state law. *Kurzweg v. Marple,* 841 F.2d 635, 639 (5th Cir.1988); *Hardy v. Johns–Manville Sales Corp.,* 681 F.2d 334, 337–38 (5th Cir.1982).

■ The test for preclusion based upon res judicata is fourfold. First, there must be a final judgment on the merits. Second, the decision must have been rendered by a court of competent jurisdiction. Third, the parties or their privies must be identical in each suit. Fourth, both suits must concern the same cause of action. *Hart v. Yamaha Parts Distributors, Inc.,* 787 F.2d 1468, 1470 (11th Cir.1986). Res judicata extends to "matters that should have been raised in the earlier suit" as well as those that were. *Id.*

## III.

Plaintiffs dispute only two elements of res judicata in this case: They contend that the second suit involves a different cause of action and that they were neither parties nor privies to the first suit. Their arguments on both of these points fail.

### A. *Same Cause of Action.*

■ A legal theory or claim is part of the same cause of action as a prior claim if it arises from "the same operative nucleus of fact." *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11th Cir.1984) (quoting *Lovely v. Laliberte,* 498 F.2d 1261 (1st Cir.), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974)). In this case, there is obviously a common nucleus of operative fact, in the plane crash causing Miller's death, that subsumes all resulting causes of action.

■ The parents argue that their claim is a separate cause of action because the damages sought are fundamentally different in kind from those pursued in the first suit. Admittedly, the suits are not identical. But this is not enough to prevent the operation of res judicata to prevent subsequent litigation of "every ground of recovery which might have been presented." *S.E.L. Maduro v. M/V Antonio deGastenata,* 639 F.Supp. 1432, 1437 (S.D.Fla. 1986). Under the Florida wrongful death act, it is the personal representative of the decedent's estate who identifies all potential claimants and recovers damages on their behalf. Fla.Stat.Ann. §§ 768.20, 768.-21.[2] Even accepting plaintiffs' contention that they could not recover under the Florida wrongful death act, the daughter, as estate representative, still could have asked the Miami Division to apply the Texas wrongful death statute to some or all of

1. *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358–59 (5th Cir.1988); *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1364 (5th Cir.1987); *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986).

2. See the discussion of the parties' relationship below for a more detailed analysis of how the parents claim is subsumed by the daughter's claim under the Florida wrongful death statute.

the claims under Florida choice-of-law principles. *See Bishop v. Florida Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla.1980) (adopting "significant relationships test" of the (Second) Restatement of Conflicts).

The only case which the parents are able to cite in their behalf is inapposite to this situation. *Scudder v. Seaboard Coast Line R.R.*, 247 So.2d 46 (Fla.1971), stated that "the fact that the husband's suit was terminated by a favorable judgment does not bar the wife from subsequently maintaining a cause of action for the loss of consortium." However, as applied to the instant case, this language is mere dictum. *Scudder* did not involve a wrongful death claim; was decided before the enactment of the current statute, which deliberately consolidates all such claims into one proceeding; and did not even discuss res judicata. The case determined only whether a wife could bring a separate cause of action for loss of consortium and was ultimately decided on the basis of the unconstitutionality of prior Florida law holding that she could not.

For the above reasons, the claims in the instant case are part of the same cause of action as those litigated in the Miami Division. By so holding, we do not address the question of whether the same result would obtain under other wrongful death statutes.

### B. *Parties or Privies.*

■ As noted above, under the Florida wrongful death statute the estate representative must bring all wrongful death claims. *See also Martin v. United Sec. Servs., Inc.*, 314 So.2d 765, 768–71 (Fla. 1975). Other claimants may not sue on their own behalf. *Talan v. Murphy*, 443 So.2d 207, 208–09 (Fla.App.1983); *Gregg v. Metropolitan Property & Liability Ins. Co.*, 595 F.Supp. 529 (S.D.Fla.1984). The representative's suit "includes the several claims of all persons entitled to recover for the death by wrongful act" and "not [just] the claim or the judgment for one person." *Dept. of Health & Rehab. Servs., Inc. v. McDougall*, 359 So.2d 528, 533 (Fla.App. 1978).

The Florida Supreme Court explains that a primary purpose of the current wrongful death statute is "to consolidate the wrongful death statutes of Florida into one cohesive scheme wherein an action will be brought by the personal representative of a decedent on behalf of the survivors and the estate." *McKibben v. Mallory*, 293 So.2d 48, 54 (Fla.1974). Moreover, the statute is concerned with preventing a "multiplicity of litigation ..." and requiring "the tortfeasor to respond in *one* civil action for the actual losses of those living dependents of the deceased." *Id.* (emphasis added).

Accordingly, all potential wrongful death claimants are effectively the same party or a privy to the estate representative. In fact, the representative owes all potential claimants a fiduciary duty of representation. *Reshard v. Britt*, 819 F.2d 1573, 1582–83 (11th Cir.1987), *rev'd on other grounds*, 839 F.2d 1499 (11th Cir.1988) (en banc). The breach of this duty creates a cause of action in the harmed party against the representative. 819 F.2d at 1582–83.

The parents argue that they are not subject to the above analysis since they were not dependent upon Miller at his death. This interpretation of the statute is unconvincing. The language speaks to all "potential" beneficiaries. Fla.Stat.Ann. § 768.21. In certain situations, non-dependent parents may certainly recover "net accumulations" for the wrongful death of an adult child. *Vildibill v. Johnson*, 492 So.2d 1047, 1048–50 (Fla.1986); *Vildibill v. Johnson*, 802 F.2d 1347, 1348–49 (11th Cir. 1986). In this case, the daughter actually claimed and received damages for net accumulations, so any damage-based distinctions which the parents attempt to draw are unpersuasive.

The parents would have us read *Vildibill*, 492 So.2d at 1050, narrowly as allowing non-dependent parents to sue under the wrongful death act only if they are the sole survivors of a deceased child. Although such a reading of the case is not implausible, we are not convinced that its holding is so tightly confined. Nor can we accept the related assertion that because *Vildibill* suggests, *id.*, that non-dependent parents

are not "survivors" within the meaning of § 768.21, the daughter had no obligation to assert their interests because the estate representative is only obligated as to "survivors." The better application of the Florida wrongful death scheme is that a single proceeding is obviously intended and that the trustee must represent all potential claimants, including non-dependent parents.[3]

The only cases supporting the parents' argument against preclusion are readily distinguishable. *Whitley v. Spokane & Inland Ry.*, 23 Idaho 642, 132 P. 121 (1913), *aff'd*, 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060 (1915), and *Atlantic Greyhound Lines, Inc. v. Keesee*, 111 F.2d 657, 660 (D.C.Cir.1940), involved situations in which the estate representative did not even have the authority to bring claims on behalf of other beneficiaries, in stark contrast to the daughter here, who not only had such authority but was obligated to do so. The two Florida cases cited by the parents, *Hill v. Colonial Enterprises, Inc.*, 219 So.2d 51 (Fla.App.), *aff'd*, 227 So.2d 481 (Fla.1969), and *Youngblood v. Taylor*, 89 So.2d 503 (Fla.1956), both were decided under now-repealed wrongful death statutes that pointedly allowed multiple suits based upon the same death. *McKibben*, 293 So.2d at 54, indicates that this very problem of multiple litigation was a major factor in the passage of the current Florida wrongful death act.

 If the application of Texas law was the most appropriate method of recovery for the parents, it was the responsibility of the daughter, through her attorney, to raise such a claim. Any cause of action for her failure to do so would have to be based upon breach of fiduciary duty as discussed above, rather than through subsequent litigation against the tortfeasor.

## IV.

Because the instant litigation is part of the same cause of action as that tried in the Miami Division, and because the parents are effectively the same party as, or in privity with, the daughter under Florida's wrongful death law, we AFFIRM the Dallas Division's summary judgment for Delta on the ground of res judicata.

---

**3.** The parents' additional claim, to the effect that the absence of adequate representation by the daughter because of a conflict of interest prevents the operation of res judicata, must also fail. While we acknowledge that such a conflict may have this effect in some cases, *see Delta Airlines, Inc. v. McCoy Restaurants, Inc.*, 708 F.2d 582, 587 (11th Cir.1983) (applying Florida law), it does not here. The daughter's stipulation to the application of Florida law evidently harmed the parents and likely inured to her own personal benefit. However, under the above analysis, she was still required to represent their interests. An estate representative will often have a personal interest in the outcome that could affect his or her handling of a case. However, where the representative also has a fiduciary duty to represent other parties, this potential conflict does not, and should not, operate to create a distinct cause of action. Rather, the represented parties may sue the representative for any breach of duty that harmed their interests.