**Anne Andrake URETA, Widow of Segismundo Z. Ureta, Individually, Etc., Plaintiff–Appellant,**

v.

**Kathy THOMPSON, Individually and as Administratrix of the Estate of Her Minor Child, et al., Defendants,**

**United States Fidelity & Guaranty Company, Defendant–Appellee.**

No. 88–3938.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1990.

Before WISDOM, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

WISDOM, Circuit Judge:

In this diversity case, the plaintiff/appellant's husband, Dr. Segismundo Z. Ureta, was killed on July 13, 1986, when a vehicle driven by Matthew Browne crossed over the center line of the Mississippi River Bridge and struck Dr. Ureta's vehicle head-on. The plaintiff, Anne Andrake Ureta, filed suit against a number of parties including United States Fidelity & Guaranty Company (USF & G) seeking recovery for the wrongful death of her husband.

Mrs. Ureta contends that the Business Auto Policy and Comprehensive Excess Policy issued by USF & G to the Browne–McHardy Clinic [1] provide coverage for this accident. USF & G argued in a motion for summary judgment that Dr. Ureta and his automobile were not covered under the USF & G policies for the accident in question. The district court denied that motion for summary judgment and discovery proceeded. After discovery had progressed, USF & G filed a second motion for summary judgment. The district court granted that second motion and, on November 28, 1988, entered a final judgment dismissing USF & G from the lawsuit. Mrs. Ureta appeals from that grant of summary judgment and the dismissal of USF & G.

We reverse. The outcome of this case turns on a genuine issue of material fact. We remand the case to the district court for determination of that factual issue and for appropriate judgment.

T. Peter Breslin, Chehardy, Sherman, Ellis & Breslin, Metairie, La., for plaintiff-appellant.

Peter A. Feringe, Jr., Kenneth J. Servay, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendant-appellee.

I

At the time of the accident, Dr. Ureta was traveling in a car registered in his name. He was on the way, with Mrs. Ureta, to the birthday party of a friend's son. At her deposition, Mrs. Ureta testi-

---

1. The Browne–McHardy Clinic is a professional medical partnership of which Dr. Ureta's professional medical corporation was a partner.

fied that her husband was not to be on call at the birthday party. In affidavits prepared after her deposition, however, Mrs. Ureta stated that a purpose in Dr. Ureta's attending the birthday party was related to his work with the Browne–McHardy Clinic. The professional element of his attendance at the birthday party, she stated, concerned his developing patient referrals within the Filipino community. Mrs. Ureta submitted affidavits of doctors in the Browne–McHardy Clinic and other individuals who attended the birthday party stating that such social events are an important means by which doctors of the Browne–McHardy Clinic create good will and generate business for the Clinic.

The Browne–McHardy Clinic is a partnership of medical practitioners. Dr. Ureta was not an individual partner of Browne–McHardy; rather, Segismundo Z. Ureta, A Professional Medical Corporation (Ureta, APMC), was a partner in the Clinic and Dr. Ureta was an employee of Ureta, APMC.

The USF & G insurance policies at issue in this case were issued to Browne–McHardy Clinic as the named insured. Mrs. Ureta presents a number of theories under which, she argues, Dr. Ureta should be covered by those policies.

## II

This Court, in reviewing the grant of a summary judgment motion, reviews the motion *de novo* using the same criteria used by the district court in the first instance.[2] As stated in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". "Material facts" are facts that might affect the outcome of the suit under the governing law.[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict on that issue for either party.[4]

## III

■ Mrs. Ureta argues that Dr. Ureta was covered under the USF & G policies as an additional insured and also that Dr. Ureta's vehicle was a covered vehicle. In arguing that Dr. Ureta was an additional insured under the policies, Mrs. Ureta contends that Dr. Ureta was a partner in the Browne–McHardy Clinic and that, as such, he was an additional insured listed on an endorsement stating that partners of the Clinic are added to the policy. Dr. Ureta, as an individual, however, was not listed as a partner of Browne–McHardy. Rather, Dr. Ureta's professional corporation (Ureta, APMC) was a partner of Browne–McHardy. Dr. Ureta, therefore, was not personally covered as an additional insured.

■ Mrs. Ureta also argues that Dr. Ureta's vehicle was a covered vehicle. The declaration page of the USF & G policy states that liability insurance[5] is provided

---

**2.** *See In re Aircrash at Dallas/Fort Worth Airport,* 861 F.2d 814, 815–16 (5th Cir.1988); *Walker v. Sears, Roebuck & Co.,* 853 F.2d 355, 358 (5th Cir.1988).

**3.** *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).

**4.** *See id.* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12.

**5.** The liability policies include uninsured motorist coverage. Louisiana's uninsured motorist statute states that,

[N]o automobile liability insurance ... shall be delivered ... in this state ... unless coverage is provided ... in not less than the limits of bodily injury liability provided by the policy ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury ... including death, resulting therefrom; provided, however, that the coverage required ... shall not be applicable where any insured ... shall reject in writing the coverage or select lower limits.

(La.R.S. 22:1406(D)(1)(a). *See also, Capone v. King,* 467 So.2d 574, 579 (La.App. 5 Cir.1985); *Babin v. State Farm Mut. Auto. Ins. Co.,* 504 So.2d 558, 559 (La.App. 1 Cir.1986). Thus, since uninsured motorist coverage was not waived in

for automobiles designated as "specifically described autos", "hired autos", and "non-owned autos".

"Specifically described autos" are defined in the policy as only those autos described in item 4 of the policy. Since the 1987 Nissan Maxima that Dr. Ureta was driving when the accident occurred was not described in item 4, it was not covered as a specifically described auto under the policy.

■ "Hired autos" are defined in the policy as automobiles that "you" hire, lease, or borrow. "You" is defined in the policy as referring to the named insured, in this case Browne–McHardy Clinic. If, as Mrs. Ureta alleges, her husband was to perform Browne–McHardy business at the birthday party, then the vehicle in which he was driving could be considered a vehicle borrowed from Dr. Ureta by Browne–McHardy. As a borrowed automobile, it would be covered under the hired autos section of the USF & G policy.[6] Thus, whether Dr. Ureta's car was, at the time of the accident, a covered vehicle under the "hired autos" section of the policy, depends upon whether Dr. Ureta was to be engaged in Browne–McHardy business at the birthday party. That question presents a genuine issue of material fact precluding summary judgment.[7]

The "non-owned autos" section of the USF & G policy provides coverage for,

those autos you [Browne–McHardy] do not own, lease, hire, or borrow which are used in connection with your business.

This includes autos owned by your employees or members of their households but only while used in your business or personal affairs.

Thus, for Dr. Ureta to be covered under this section of the policy, Dr. Ureta would have to have been driving a car that was not owned, hired, or borrowed by the named insured, Browne–McHardy Clinic, but was being used in connection with Browne–McHardy's business. If Dr. Ureta was to attend the birthday party for Browne–McHardy business purposes, then his car would have to be considered either "borrowed" by Browne–McHardy and, therefore, covered under the "hired autos" section discussed above, or else it could be considered "not borrowed but used in connection with Browne–McHardy business" and, therefore, covered under the "non-owned autos" section of the policy. In either case, if Dr. Ureta was to attend the party in connection with Browne–McHardy business, then the car would be a covered vehicle at the time of the accident. As discussed above, whether Dr. Ureta was to attend the party "in connection with Browne–McHardy business" presents a genuine issue of material fact precluding summary judgment.

■ Finally, the appellant argues, Dr. Ureta should be covered by the USF & G policies for the accident in question because Ureta, APMC was listed as a partner for whom an additional $68 liability insurance

---

writing in the USF & G policies at issue here, uninsured motorist coverage is statutorily included under the USF & G liability policies in question.

6. The hired autos section of the policy excludes from coverage vehicles borrowed from employees of Browne–McHardy. Dr. Ureta, however, was not an employee of Browne–McCardy Clinic. Rather he was an employee of Ureta, APMC which corporation was, in turn, a partner of the Browne–McHardy Clinic. Therefore, Dr. Ureta would not come under the employee exclusion to the hired auto coverage in the USF & G policy.

7. See Winters v. Highlands Ins. Co., 569 F.2d 297, 299 (5th Cir.1978) (stating that whether the driver, at the time of the accident, was on a mission contemplated by his employer was a

question of fact, and stating further that, "summary judgment may be improper even though the basic facts are undisputed if the parties disagree regarding the material factual inferences that properly may be drawn from these facts"); Chaisson v. Domingue, 372 So.2d 1225 (La.1979) (holding that whether a teacher was in the course and scope of her employment when attending an extracurricular band concert was a question of fact); Robinson v. Estate of Haynes, 433 So.2d 294, 297 (La.App. 1st Cir. 1983) (stating that, "It is well settled that whether an employee is in the course and scope of employment is a question of fact.... This question of fact precludes any granting of summary judgment."); Bell v. Baird, 431 So.2d 27, 28 (La.App. 1st Cir.1983) (stating that a determination whether an insured was "actively at work" at the time of the accident was a question of fact precluding summary judgment).

premium was paid as stated on the partnership endorsement to the USF & G policies. That endorsement reads, in relevant part:

No auto owned by any of your partners or members of their households is a covered auto for liability insurance unless a premium is shown in this endorsement.

Thus, since a premium is shown for Ureta, APMC in the endorsement, any auto owned by Ureta, APMC would be covered for liability insurance under the policy. But the vehicle in question was not owned by the partner, Ureta, APMC, for whom the $68 premium was paid. Rather, the vehicle was owned by Dr. Ureta personally. Therefore, it would appear that the vehicle in question was not covered by the partnership endorsement. It would, thus, appear that the $68 was paid for coverage of no particular vehicle unless it can be said that any "hired" or "non-owned" vehicle used by Ureta, APMC was covered. In that case, Dr. Ureta would have been covered at the time of the accident. But this Court need not decide this issue. Rather, it is sufficient that we find that, if Dr. Ureta was driving his car on Browne–McHardy related business, then Dr. Ureta was covered under the "hired auto" provision and the "non-owned auto" provision of the USF & G policies.

### IV

A genuine issue of material fact is posed by the question whether Dr. Ureta was to be engaged in Clinic-related business at the birthday party to which he was driving at the time of the accident. If he was to attend the party in connection with Browne–McHardy business, then he would be covered by the "hired auto" and the "non-owned auto" provisions of the USF & G policies. We hold, therefore, that the district court erred in dismissing USF & G from this case on summary judgment. The summary judgment is REVERSED and this case is REMANDED to the district court for determination of the factual issue presented and for appropriate judgment.