SCHWARTZ, Chief Judge.
Jesus Antonio Salazar appeals from, and we reverse, a summary judgment for the defendants entered below on res judicata grounds in an action for loss of consortium.
In 1997, Salazar and his wife, Noris Nieves, sued their employers, the Quinte-ros, for unpaid minimum and overtime wages under the Fair Labor Standards Act. Nieves also brought a state claim for negligence, in which Salazar did not join, for injuries sustained while working as the Quinteros’ housekeeper. The case was removed to district court based on federal question jurisdiction, and the federal court exercised pendant jurisdiction over the state claim. The case proceeded to trial, at the conclusion of which the jury returned a favorable verdict for Nieves in the negligence case.
On July 30, 1999, after the prior litigation had ended, Salazar sued the Quinteros in the circuit court for his loss of consor *1087 tium arising from his wife’s injuries in the accident. The Quinteros moved for summary judgment, arguing that the prior litigation foreclosed Salazar’s claim. The trial court agreed and granted the Quinteros’ motion, finding that the action arose from the same nucleus of operative facts or was based on the same factual predicate as the prior litigation.
We disagree with this result on the basis of the wéll-settled doctrine to the affirmative effect that, because loss of consortium is a separate cause of action, such a claim may indeed be maintained after and notwithstanding a favorable judgment on the merits of a spouse’s claim in a prior action. Gates v. Foley, 247 So.2d 40 (Fla.1971); Scudder v. Seaboard Coast Line, R.R., 247 So.2d 46 (Fla.1971); accord Orange County v. Piper, 523 So.2d 196 (Fla. 5th DCA 1988), review denied, 531 So.2d 1354 (Fla.1988). That rule directly applies here.
The defendants argue that these cases are meaningfully distinguishable from this one because Mr. Salazar was a “party” to the previous federal action. Under the circumstances, however, this is a distinction without a significant difference (or a difference without a significant distinction).
This is because the husband was a party plaintiff in the federal action only as to claims under the Fair Labor Standards Act, and specifically was not a party, named or otherwise, and did not recover a personal judgment in the negligence case. Thus the parties were not “identical in both suits,” see National Union Fire Ins. Co. of Pittsburgh, Pa. v. Grusky, 763 So.2d 1206, 1208 (Fla. 3d DCA 2000)(quoting I.A. Durbin, Inc. v. Jefferson Nat’l Bank, 793 F.2d 1541, 1549 (11th Cir.1986)), as is required under the federal doctrine of claim preclusion which applies to this ease. See Dalbon v. Women’s Specialty Retailing Group, 674 So.2d 799, 801 (Fla. 4th DCA 1996) (“Because this case involves a prior federal court judgment, we apply federal claim preclusion principles.”). The mere fact, as the appellees emphasize, that Mr. Salazar could have joined in the previous ease was found to be irrelevant in each of the controlling decisions. Gates, 247 So.2d at 40; Scudder, 247 So.2d at 46; Piper, 523 So.2d at 196. Thus the application of this “exception” to the rule would result in the doctrine’s being swallowed up entirely. Whether or not we agree with Gates and Scudder, it is not within our authority to render a rule of law adopted by the Supreme Court effectively meaningless. Cf. also Reaves v. L.W. Rozzo, Inc., 286 So.2d 221 (Fla. 4th DCA 1973).
Reversed.